UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES F. HAMMOND, Individually and on Behalf of All Others Persons Similarly Situated;<br><br>                    Plaintiff,<br><br>       v.<br><br>WONDER AUTO TECHNOLOGY, INC., QINGJIE ZHAO, MEIRONG YUAN, QINGDONG ZENG, and MA YUNCONG,<br><br>                    Defendants. | No.11-CV-03687-DAB<br><br>ECF CASE |

[caption continues on next page]


**MEMORANDUM IN SUPPORT OF MOTION OF aAd PARTNERS LP
FOR: (1) CONSOLIDATION OF RELATED CASES;
(2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL
<u>OF SELECTION OF LEAD COUNSEL AND LIAISON COUNSEL FOR THE CLASS</u>**

#124322

| | |
|---|---|
| CECILY LEUNG, Individually and on Behalf of All Others Similarly Situated;<br><br>    Plaintiff,<br><br>    v.<br><br>WONDER AUTO TECHNOLOGY, INC., QINGJIE ZHAO, MEIRONG YUAN, QINGDONG ZENG, and MA YUNCONG,<br><br>    Defendants. | No. 11-CV-04103-DAB |
| JAN VERKOOIJEN, Individually and on Behalf of All Others Similarly Situated;<br><br>    Plaintiff,<br><br>    v.<br><br>WONDER AUTO TECHNOLOGY, INC., QINGJIE ZHAO, MEIRONG YUAN, QINGDONG ZENG, and MA YUNCONG,<br><br>    Defendants. | No. 11-CV-04512-AKH |

#124322

aAd Partners LP ("aAd Partners") respectfully submits this memorandum in support of its motion for: (1) consolidation of all related actions; (2) appointment of aAd Partners as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 (15 U.S.C. §78u-4(a)(3)(B)) (the "PSLRA"); (3) approval of its selection of the law firm of Gold Bennett Cera & Sidener LLP as lead counsel and Klafter Olsen & Lesser LLP as liaison counsel for the Class.

I.  **PRELIMINARY STATEMENT**

This is a class action on behalf of purchasers of the common stock of Wonder Auto Technology, Inc. ("Wonder Auto" or the "Company") from May 14, 2008 through May 6, 2011 (the "Class Period") for violations of the Securities Exchange Act of 1934 (the "Exchange Act"). Throughout the Class Period, defendants issued false and misleading statements regarding the financial and business condition of the Company. Specifically, Wonder Auto failed to disclose that the Company was not properly recognizing revenue and was not disclosing related-party transactions.

aAd Partners is the "most adequate plaintiff" under the PSLRA to serve as the Lead Plaintiff on behalf of investors harmed by the fraud. aAd Partners believes it has the largest financial interest in this litigation. aAd Partners also satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure because its claims are typical of those of the other Class members and it will adequately represent the Class. aAd Partners is a sophisticated institutional investor and is therefore the type of lead plaintiff desired by Congress when it enacted the PSLRA.

II.  **FACTUAL AND PROCEDURAL BACKGROUND**

Wonder Auto, through its subsidiaries, engages in the design, development, manufacture, and marketing of electrical parts, suspension products, and engine components. The Company offers starters, alternators, engine valves, and tappets in the People's Republic of China, South

Korea, and Brazil, as well as airbags and seatbelts in the People's Republic of China. The Company's products are primarily used in a range of passenger and commercial automobiles. It also manufactures and sells rectifier and regulator products for use in alternators; and various rods and shafts for use in shock absorbers, alternators, and starters. The Company's customers include automakers, engine manufacturers, and auto parts suppliers. Wonder Auto is a Nevada corporation headquartered in Jinzhou City, the People's Republic of China. Its NASDAQ trading symbol is "WATG".

The above-captioned pending lawsuits ("Related Cases") are class actions brought on behalf of persons and/or entities who purchased or acquired Wonder Auto common stock during the Class Period seeking to pursue remedies under the Exchange Act.

The Related Cases allege that the Company's officers and directors disseminated false and misleading information to investors about the financial and business condition of the Company. Namely, they allege that defendants failed to disclose material adverse facts regarding Wonder Auto's accounting policies and overall financial condition, including improper recognition of revenue and a failure to disclose related-party transactions. Defendants also failed to disclose that the Company suffered from inadequate internal controls during the Class Period, all of which rendered defendants' statements concerning the Company's financial condition and future prospects materially false and misleading.

On March 1, 2011, the Company disclosed that its previously issued financial statements for fiscal years 2008 and 2009, as well as its interim reports for those periods, "should no longer be relied upon due to a cut-off error regarding timing of revenue in such periods." On March 25, 2011, the Company disclosed that it had "received a notification letter from the NASDAQ stock market indicating that the Company was not in compliance" with NASDAQ's continued listing

requirements as it failed to timely file its annual report on a Form 10-K for the fiscal year ended December 31, 2010.

On May 6, 2011, after the close of trading, NASDAQ halted trading of Wonder Auto stock until the Company satisfied NASDAQ's request for "additional information." The Company's last quoted trade price prior to the halt was $5.42 per share and trading on the NASDAQ has still not resumed.

On May 12, 2011, the Company disclosed in a press release, that its Audit Committee had "undertaken an internal investigation concerning certain investment and acquisition transactions." On May 20, 2011, the Company disclosed that the Audit Committee's investigation will continue until at least until June 2011 and was commenced "in response to a report alleging that the Company had engaged in several transactions without properly disclosing their related-party nature."

On July 15, 2011, the Company filed its Form 8-K disclosing that its Chief Executive Officer, Zhao, and its Chief Financial Officer, Meirong, had both resigned effective July 12, 2011.

## III. ARGUMENT

### A. aAd Partners Should Be Appointed Lead Plaintiff

aAd Partners respectfully submits that it should be appointed Lead Plaintiff because it is the movant "most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B). The PSLRA establishes a presumption that the "most adequate plaintiff" is the movant with "the largest financial interest in the relief sought by the class" and that "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B); *see also Glauser v. EVCI Career Colleges Holding Corp.*, 236 F.R.D. 184, 187-89 (S.D.N.Y. 2006); *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 97-098 (S.D.N.Y. 2005).

### 1. aAd Partners Believes It Has The Largest Financial Interest

aAd Partners should be appointed lead plaintiff because it believes it has the largest financial interest among those seeking appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(B)(iii). Courts generally consider four factors to determine which movant has the largest financial interest in the litigation: (1) the gross number of securities purchased during the Class Period; (2) the net number of securities purchased during the Class Period; (3) the net funds paid for the security during the Class Period; and (4) the approximate loss suffered. *See, e.g., Glauser*, 236 F.R.D. at 187; *In re eSpeed*, 232 F.R.D. at 100. Based on these factors, aAd Partners believes it has the largest financial interest in the outcome of this lawsuit.

As aAd Partners' Certificate indicates, annexed as Exhibit B to the Bright Declaration, it purchased 1,225,000 Wonder Auto common shares during the Class Period. *See* Bright Decl., Exhibit B. aAd Partners had a net expenditure of $6,492,662.24 for Wonder Auto common shares and suffered a loss of $1,072,662.24 on a FIFO or LIFO basis.[1]

---

[1] For purposes of this calculation, aAd Partners' remaining 1,000,000 shares were assigned a value of $5.42, the last closing price before trading was halted. The illiquid loss, assuming a value of $0.00 for the remaining shares, is $6,492,662.24.

aAd Partners' financial interest in this litigation can be summarized as follows:

| FACTOR | aAd CAPITAL MANAGEMENT LP |
|---|---|
| Total Purchases | 1,225,000 shares |
| Net purchases | 1,000,000 shares |
| Net expenditures | $6,492,662.24 |
| FIFO loss ("first in, first out") | $1,072,662.24 |
| LIFO loss ("last in, first out") | $1,072,662.24 |

Based on these numbers, aAd Partners believes that it has the largest financial interest of any movant seeking appointment as lead plaintiff.

### 2. aAd Partners Otherwise Satisfies The Requirements Of Rule 23 Of The Federal Rules of Civil Procedure

aAd Partners should be appointed Lead Plaintiff because it also satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. A lead plaintiff movant "need only make a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23." *Glauser*, 236 F.R.D. at 188 (quoting *In re Olsten Corp. Sec. Litig.*, 3 F.Supp.2d 286, 296 (E.D.N.Y. 1998)); *see also In re eSpeed*, 232 F.R.D. at 102 (same). aAd Partners unquestionably satisfies both requirements in this case.

"Typicality is satisfied where the claims arise from the same conduct from which the other class members' claims and injuries arise." *In re Initial Pub. Offering Sec. Litig.*, 214 F.R.D. 117, 121 (S.D.N.Y. 2002). aAd Partners' claims arise from the same course of misconduct as the claims of the other Class members – *i.e.*, the artificial inflation and consequent market correction of Wonder Auto shares caused by defendants' false representations. *Glauser*, 236 F.R.D. at 188-89 (finding a Lead Plaintiff movant's claim to be typical where the movant "like all class members, (1) purchased or acquired EVCI securities during the proposed class

#124322                                    5

period, (2) at prices allegedly artificially inflated by Defendants' false and misleading statements and/or omissions, and (3) suffered damages thereby"); *In re eSpeed*, 232 F.R.D. at 102 (finding a Lead Plaintiff movant's claim to be typical where "[m]embers of the class claim to have been injured by a fraudulent inflation of eSpeed's stock price" and the movant "makes the same claim").

The adequacy requirement is satisfied where "the class members' interests are not antagonistic to one another," "the class has a sufficient interest in the outcome of the case to ensure vigorous advocacy," and where "class counsel is qualified, experienced, and generally able to conduct the litigation." *In re Initial Public Offering Sec. Litig.*, 214 F.R.D. at 121. aAd Partners satisfies each of these elements of the adequacy requirement. Its interests are aligned with those of the other Class members and are not antagonistic in any way. Indeed, aAd Partners seeks identical relief on identical claims based on identical legal theories. There are no facts suggesting that any actual or potential conflict of interest exists between aAd Partners and other Class members. aAd Partners has also submitted a Certification affirming its understanding of the duties owed to Class members through its commitment to oversee the prosecution of this class action. *See* Bright Decl., Exhibit B. Through that Certification, aAd Partners has accepted the fiduciary obligations undertaken by a lead plaintiff.

In addition, aAd Partners is the type of lead plaintiff envisioned by Congress in its enactment of the PSLRA: a sophisticated institutional investor with a real financial interest in the litigation. *See* H.R. Conf. Rep. No. 104-369, at 34, 104th Cong. 1st Sess. (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 690 (explaining that "increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of

representation in securities class actions"); *see also In re Cendant Corp. Sec. Litig.*, 404 F.3d 173, 180 (3d Cir. 2005); *Glauser*, 236 F.R.D. at 188.

aAd Partners has further demonstrated their adequacy through their selection of Gold Bennett Cera & Sidener LLP as Lead Counsel and the law firm of Klafter Olsen & Lesser LLP as Liaison Counsel to represent the Class. As discussed more fully below, Gold Bennett Cera & Sidener LLP is highly qualified and has demonstrated its ability to effectively litigate securities class action cases.

### B. The Court Should Approve aAd Partners' Choice Of Lead Counsel And Liaison Counsel

The Court should approve aAd Partners' choice of the law firm of Gold Bennett Cera & Sidener LLP to serve as Lead Counsel. Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), the lead plaintiff is to select and retain Lead Counsel to represent the Class, subject to Court approval. For more than 30 years, Gold Bennett Cera & Sidener LLP has played a leading role in significant securities cases, recovering more than $2 billion for its clients. A copy of Gold Bennett Cera & Sidener LLP's resume is annexed to the Bright Declaration as Exhibit C. Gold Bennett Cera & Sidener LLP has the requisite experience and resources to obtain an excellent result for the Class. *See* Bright Decl., Exhibit C. Indeed, the court in *In re Rent-Way Sec. Litig.*, 305 F.Supp.2d 491, 515 (W.D. Pa. 2003), a securities fraud class action prosecuted by the firm, stated as follows:

> Having thus initially expressed our confidence in [Gold Bennett Cera & Sidener's] abilities, the Court has not since been disappointed. On the contrary, [Gold Bennett Cera & Sidener] have shown themselves to be attorneys of the highest caliber, at all times prosecuting this action with a high degree of skill and professionalism.

aAd Partners also requests that Klafter Olsen & Lesser LLP be appointed as Liaison Counsel. This firm likewise has broad experience and success in prosecuting securities fraud

class actions in the Southern District of New York and elsewhere. Details of Klafter Olsen & Lesser LLP's experience are set forth in the firm's resume, annexed as Exhibit D to the Bright Declaration.

Accordingly, the Court should approve aAd Partners' selection of Gold Bennett Cera & Sidener LLP as Lead Counsel and Klafter Olsen & Lesser LLP as Liaison Counsel for the Class.

### C. The Related Actions Should Be Consolidated

Rule 42(a) of the Federal Rules of Civil Procedure grants the Court discretion to consolidate "actions involving a common question of law or fact." *See also Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990). In addition, the Exchange Act provides that consolidation should occur where, as here, multiple actions assert "substantially the same claim." 15 U.S.C. §78u-4(a)(3)(B)(ii). The actions need not be identical. *Kaplan v. Gelfond*, 240 F.R.D. 88, 91-92 (S.D.N.Y. 2001) (different class periods and defendants do not preclude consolidation). Therefore, courts routinely consolidate securities class actions arising from the same alleged false and misleading statements. *Werner v. Satterlee, Stephens, Burke & Burke*, 797 F. Supp. 1196, 1211 (S.D.N.Y. 1992); *In re MicroStrategy Inc. Sec. Litig.*, 110 F. Supp. 2d 427, 431 (E.D. Va. 2000) ("consolidation is often warranted where multiple securities fraud class actions are based on the same public statements and reports") (internal quotations omitted).

There are three Related Cases:

| Case Name | Original Case Number | Date Filed |
|---|---|---|
| *Hammond v. Wonder Auto Technology, Inc., et al.* | CV11-3687-DAB | May 5, 2011 |
| *Leung v. Wonder Auto Technology Inc., et al.* | CV11-4103-DAB | June 16, 2011 |
| *Verkooijen v. Wonder Auto Technology, Inc., et al.* | CV11-4512-AKH | June 30, 2011 |

Here, each of these three actions relate to the artificial price inflation of Wonder Auto's securities and present common questions of fact. Given the overlapping facts and common defendants, consolidation will conserve judicial resources and promote the efficient prosecution of the claims. *Kaplan*, 240 F.R.D. at 92. Accordingly, the above-captioned actions and any other related cases transferred to this Court should be consolidated.

## IV.    CONCLUSION

For the foregoing reasons, aAd Partners respectfully requests that the Court: (1) consolidate all related actions; (2) appoint aAd Partners as lead plaintiff pursuant to the PSLRA; and (3) approve its selection of the law firm of Gold Bennett Cera & Sidener LLP as lead counsel and Klafter Olsen & Lesser LLP as liaison counsel for the Class.

Dated: August 1, 2011                              Respectfully submitted,

**KLAFTER OLSEN & LESSER LLP**

By: /s/Jeffrey A. Klafter
Jeffrey A. Klafter
Two International Drive, Suite 350
Rye Brook, NY 10573
Tel: (914) 934-9200
Fax: (914) 934-9220

Proposed Liaison Counsel

**GOLD BENNETT CERA & SIDENER LLP**
Solomon B. Cera (scera@gbcslaw.com)
(*Pro Hac Vice* forthcoming)
Thomas C. Bright (tbright@gbcslaw.com)
(*Pro Hac Vice* forthcoming)
595 Market Street, Suite 2300
San Francisco, California 94105
Tel: ( 415) 777-2230
Fax: (415) 777-5189

Attorneys for aAd Partners LP
Proposed Lead Counsel for the Class

#124322                                             9

## CERTIFICATE OF SERVICE

I, Jeffrey A. Klafter, liaison counsel for the Plaintiff, hereby certify that on August 1, 2011, I filed the foregoing with the Clerk of the Court using the Court's CM/ECF system which will send electronic notification of such filing to all counsel of record in the within action.

/s/Jeffrey A. Klafter
Jeffrey A. Klafter
