## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES F. HAMMOND, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> WONDER AUTO TECHNOLOGY, INC., QINGJIE ZHAO, MEIRONG YUAN, QINGDONG ZENG, and MA YUNCONG, <br><br> Defendants. | No. 11 Civ. 03687-DAB |
| CECILY LEUNG, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> WONDER AUTO TECHNOLOGY, INC., QINGJIE ZHAO, MEIRONG YUAN, QINGDONG ZENG, and MA YUNCONG, <br><br> Defendants. | No. 11 Civ. 04103-DAB |
| JAN VERKOOIJEN, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> WONDER AUTO TECHNOLOGY, INC., QINGJIE ZHAO, QINGDONG ZENG, MEIRONG YUAN, and MA YUNCONG, <br><br> Defendants. | No. 11 Civ. 04512-AKH |

**MEMORANDUM OF LAW IN SUPPORT OF WONDER AUTO INVESTORS GROUP'S MOTION TO CONSOLIDATE THE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF ITS SELECTION OF COUNSEL**

Jan Verkooijen ("Verkooijen"); Edwin C. Haskell, III ("Haskell"); Manish Mehta ("Mehta"); and Raymond Lee Thweatt Trust ("Thweatt") (collectively the "Wonder Auto Investors Group") respectfully submit this memorandum in support of its motion, pursuant to 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-

4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Rule 42 of the Federal Rules of Civil Procedure, for an Order: (1) consolidating all related securities class actions pursuant to Fed. R. Civ. P. 42(a); (2) appointing the Wonder Auto Investors Group as Lead Plaintiff on behalf of all persons who purchased or otherwise acquired securities of Wonder Auto Technology, Inc.  ("Wonder Auto" or the "Company"); (3) approving its selection of the law firms of Pomerantz Haudek Grossman & Gross LLP ("Pomerantz") and Saxena White P.A.("Saxena White") as Co-Lead Counsel for the Class; and (4) granting such other and further relief as the Court may deem just and proper.

## PRELIMINARY STATEMENT

Three securities class actions[1] have been filed in the Southern District of New York. Each raise substantially similar allegations: that defendants violated Sections 10(b) and 20(a) of the Exchange Act by issuing false and misleading financial statements during the Class Period.

Pursuant to the PSLRA, the court appoints as lead plaintiff the movant who possesses the largest financial interest in the outcome of the action and who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  The Wonder Auto Investors Group, with losses of $719,904 in connection with its purchases of Wonder Auto during the Class Period, is adequate and typical to serve as lead plaintiff.  The Wonder Auto Investors Group believes that it is the "most adequate plaintiff" as defined by the PSLRA and should be appointed Lead Plaintiff in this action.  The Wonder Auto Investors Group has the largest financial interest in the relief sought in this action by virtue of its substantial investments in Wonder Auto during the Class Period and the losses it suffered as a result of Defendants'

---

[1]  The actions are: *Hammond v. Wonder Auto Tech., Inc.*, 11 Civ. 3687-DAB; *Leung v. Wonder Auto Tech, Inc.*, 11 Civ. 4103-DAB; and *Verkooijen v. Wonder Auto Tech., Inc.*, 11 Civ. 4512-AKH.   The actions are on behalf of all persons who purchased or otherwise acquired Wonder Auto securities during the period between May 14, 2008 and May 6, 2011 (the "Class Period").

misconduct.  The Wonder Auto Investors Group further satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure as an adequate class representative with claims typical of the other Class members.  Accordingly, the Wonder Auto Investors Group respectfully submits that it should be appointed Lead Plaintiff.

<u>**FACTUAL BACKGROUND**</u>

Wonder Auto, through a subsidiary, designs, develops, manufactures and sells automobile alternators and starters and other automotive electrical parts in the People's Republic of China, Brazil and South Korea.

On March 1, 2011, the Company disclosed that its previously issued financial statements for fiscal years 2008 and 2009, as well as its interim reports for those periods "should no longer be relied upon due to a cutoff error regarding timing of revenue in such periods."

On March 25, 2011, the Company disclosed that it had "received a notification letter from the NASDAQ Stock Market indicating that the Company was not in compliance" with NASDAQ's continued listing requirements as it failed to timely file its annual report on Form 10-K for the fiscal year ended December 31, 2010.

On May 6, 2011, after the close of trading, NASDAQ halted the trading of Wonder Auto stock until the Company satisfied NASDAQ's request for "additional information."

On May 12, 2011, the Company disclosed in a press release, that its Audit Committee had "undertaken an internal investigation concerning certain investment and acquisition transactions."

On May 20, 2011, the Company disclosed that the Audit Committee's investigation will continue until at least June 2011 and was commenced "in response to a report alleging that the

Company had engaged in several transactions without properly disclosing their related-party nature."

Throughout the Class Period, Defendants made false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations and prospects. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) the Company improperly recognized revenue in incorrect financial reporting periods as its subsidiaries improperly recorded sales and costs of sales; (2) the Company improperly engaged in several transactions without properly disclosing their related-party nature; (3) the Company lacked adequate internal and financial controls; and (4) as a result of the foregoing, the Company's statements were materially false and misleading at all relevant times.

## ARGUMENT

### I.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is appropriate, whereas here, the actions involve common questions of law and fact, and therefore consolidation would avoid unnecessary cost, delay and overlap in adjudication:

> Where actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such order concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a).  *See also* Manual for Complex Litigation (Third), § 20.123 (1995).

Moreover, the PSLRA also calls for consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed…."  *Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc*., 252 F.R.D. 188 (S.D.N.Y. 2008) (Sweet, J.).  Here, all of the related actions allege claims under Sections 10(b) and 20(a) of the Exchange Act, and Rule 10b-5 promulgated thereunder, and involve Wonder Auto's disclosures

4

concerning accounting irregularities at the Company and undisclosed related party transactions. Thus, consolidation of the related actions is appropriate. *Lintz v. Agria Corp.*, 2008 U.S. Dist. LEXIS 99846 (S.D.N.Y. Dec. 3, 2008) (consolidating actions alleging federal securities law violations arising out of defendants' issuance of false and misleading financial statements).

## II.     WONDER AUTO INVESTORS GROUP
## <u>SHOULD BE APPOINTED LEAD PLAINTIFF</u>

Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act.  The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate.  15 U.S.C. § 78u-4(a)(3)(B)(i) & (ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiffs filed in response to any such notice.  Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;

> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *In re UBS Auction Rate Sec. Litig.*, 2008 U.S. Dist. LEXIS 56016 (S.D.N.Y. July 16, 2008).

As set forth below, the Wonder Auto Investors Group satisfies all three of these criteria and thus is entitled to the presumption that it is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### A.   Wonder Auto Investors Group Is Willing to Serve as a Class Representative

On May 31, 2011, counsel in the first filed action against the defendants, styled *Hammond v. Wonder Auto Tech., Inc.*, Case No. 11 Civ. 3687-DAB, caused a notice ("Notice") to be published over *Globe Newswire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities class action had been filed against the defendants herein, and advised investors of Wonder Auto securities that they had until August 1, 2011, to file a motion to be appointed as Lead Plaintiff.  *See* Notice attached hereto as Exhibit 1.

The Wonder Auto Investors Group has filed the instant motion pursuant to the Notice, and has attached its Certifications attesting that it is willing to serve as Lead Plaintiff for the Class and is willing to provide testimony at deposition and trial, if necessary.  *See* Certifications attached hereto as Exhibit 2.  Accordingly, the Wonder Auto Investors Group satisfies the first requirement to serve as Lead Plaintiff for the Class.

### B.   Wonder Auto Investors Group Has The "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii); *Davidson v. E*Trade Fin. Corp.*, 2008 U.S. Dist. LEXIS 61265 (S.D.N.Y. July 16, 2008); *In re Donkenny, Inc. Sec. Litig.*, 171 F.R.D. 156, 157 (S.D.N.Y. 1997).

As of the time of the filing of this motion, the Wonder Auto Investors Group believes that it has the largest financial interest of any of the movants with regard to the relief sought by the

Class.  The chart below reflects each of the Wonder Auto Investors Group individual financial interest in the action:

| Member | Shares Purchased | Costs | Retained Shares | Loss |
|---|---|---|---|---|
| Thweatt | 397,455 | $3,479,299 | 11,000 | $117,760 |
| Haskell | 26,060 | $214,995 | 26,060 | $214,995 |
| Mehta | 15,000 | $135,240 | 15,000 | $135,240 |
| Verkooijen | 59,008 | $539,510 | 6,708 | $251,909 |
| **Total** | **497,523** | **$4,369,044** | **58,768** | **$719,904** |

In total, the Wonder Auto Investors Group suffered losses of $719,904 relating to its purchases of Wonder Auto stock during the Class Period.  *See* Chart attached hereto as Exhibit 3. *See In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998); *Lax v. First Merch. Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866, at *7-*8 (N.D. Ill. Aug. 6, 1997).  Because the Wonder Auto Investors Group possesses the largest financial interest in the outcome of this litigation, it may be presumed to be the "most adequate" plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### C.     Wonder Auto Investors Group Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the

> class, (3) the claims or defenses of the representative parties are
> typical of the claims or defenses of the class, and (4) the
> representative parties will fairly and adequately protect the
> interests of the class.

In making its determination that Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *Greebel v. FTP Software*, 939 F. Supp. 57, 60 (D. Mass. 1996). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (citing *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997) and *Fischler v. Amsouth Bancorporation*, 176 F.R.D. 583 (M.D. Fla. 1997)); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d at 296.

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where the named representative's claims have the "same essential characteristics as the claims of the class at large." *Danis v. USN Communs., Inc.*, 189 F.R.D. 391, 395 (N.D. Ill. 1999). "A class is typical if it arises from the same event or course of conduct that gives rise to claims of other class members and all claims are based on the same legal theory." *Id.* Indeed, the "similarity of legal theory may control even where factual distinctions exist between the claims of the named representatives and the other class members." *Id. See Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (The typicality requirement serves to "assure that the interest of the named representative aligns with the interests of the class.") (citation omitted).

The Wonder Auto Investors Group's claims are typical of those of the Class. It alleges, as do all class members, that defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning Wonder

Auto, or omitted to state material facts necessary to make the statements they did make not misleading.  The Wonder Auto Investors Group, as did all members of the Class, purchased Wonder Auto securities during the Class Period at prices artificially inflated by defendants' misrepresentations or omissions and were damaged upon the disclosure of those misrepresentations and/or omissions.  These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the class claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class."  The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy."  *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill. 1986)).

The Wonder Auto Investors Group is an adequate representative for the Class.  There is no antagonism between its interests and those of the Class and its losses demonstrate that it has a sufficient interest in the outcome of this litigation.  Moreover, it has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this action, and submit its choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

### D.    Wonder Auto Investors Group Will Fairly and Adequately Represent Interests of the Class and Are Not Subject to Unique Defenses

The presumption in favor of appointing the Wonder Auto Investors Group as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

    (aa)    will not fairly and adequately protect the interest of the class; or

    (bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

Movants ability and desire to fairly and adequately represent the Class has been discussed in detail above.  The Wonder Auto Investors Group is not aware of any unique defenses defendants could raise that would render them inadequate to represent the Class.  Accordingly, the Wonder Auto Investors Group should be appointed Lead Plaintiff for the Class.

### III.   LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court.  15 U.S.C. § 78u-4(a)(3)(B)(v); *Osher v. Guess?, Inc.*, 2001 U.S. Dist. LEXIS 6057, at *15 (C.D. Cal. Apr. 26, 2001).  The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C.   § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, the Wonder Auto Investors Group has selected the law firms of Pomerantz and Saxena White as Co-Lead Counsel.  The Pomerantz and Saxena firms are highly experienced in the area of securities litigation and class actions, and have successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors as detailed in the firms' resumes.  *See* Pomerantz and Saxena White Resumes attached hereto as Exhibits 4 and 5. As a result of the firms' extensive experience in litigation involving issues similar to those raised in this action, the Wonder Auto Investors Group's counsel have the skill and knowledge which will enable them to prosecute this action effectively and expeditiously.  Thus, the Court may be assured that by approving the Wonder Auto Investors Group's selection of Co-Lead Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, the Wonder Auto Investors Group respectfully requests the Court to issue an Order (1) consolidating the related actions; (2) appointing the Wonder Auto Investors Group as Lead Plaintiff for the Class; (3) approving Pomerantz and Saxena White as Co-Lead Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

Dated:   August 1, 2011
         New York, New York

                              Respectfully submitted,

                              **POMERANTZ HAUDEK
                                GROSSMAN & GROSS LLP**

                              /s/ Jeremy A. Lieberman
                              Marc I. Gross
                              Jeremy A. Lieberman
                              100 Park Avenue
                              New York, New York 10017
                              Telephone: (212) 661-1100
                              Facsimile: (212) 661-8665

                              **POMERANTZ HAUDEK
                                GROSSMAN & GROSS LLP**
                              Patrick V. Dahlstrom
                              Ten South LaSalle Street, Suite 3505
                              Chicago, Illinois 60603
                              Telephone: (312) 377-1181
                              Facsimile: (312) 377-1184

                              **SAXENA WHITE P.A.**
                              Joseph E. White III
                              Christopher S. Jones
                              Lester R. Hooker
                              2424 N. Federal Highway, Suite 257
                              Boca Raton, FL 33431
                              Telephone:    (561) 394-3399
                              Facsimile:    (561) 394-3082

                              *Attorneys for the Wonder Auto Investors Group*