# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE WONDER AUTO TECHNOLOGY, INC. SECURITIES LITIGATION | No. 11-CV-03687-PAE

ECF CASE |
| This Document Relates To:  All Actions | |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement is made and entered into pursuant to Rule 23 of the Federal Rules of Civil Procedure and contains the terms of a settlement between Lead Plaintiff, on behalf of itself and Members of the Settlement Class, and defendant Wonder Auto Technology, Inc. ("WATG"), through their respective counsel of record.[1]  This Stipulation is intended by the Settling Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims against the Released Parties, upon and subject to the terms and conditions hereof and subject to the approval of the Court.

### I.     THE CLASS ACTION

On and after May 31, 2011, the following three purported class actions were filed in this Court asserting claims under the federal securities laws against WATG and certain of its current and former officers and directors:  *James F. Hammond v. Wonder Auto Technology, Inc., et al.*, 11-cv-3687; *Cecily Leung v. Wonder Auto Technology, Inc., et al.*, 11-cv-4103; and *Jan Verkooijen v. Wonder Auto Technology, Inc., et al.*, 11-cv-4512.  By Order dated October 3, 2011, the Court (per the Honorable Deborah A. Batts) appointed aAd Partners, LP Lead Plaintiff

---

[1] All capitalized terms not otherwise defined shall have the meanings set forth in Section 4.1 below.

pursuant to the Private Securities Litigation Reform Act, appointed the law firm of Gold Bennett Cera & Sidener LLP to serve as Lead Counsel, and the law firm of Klafter Olsen & Lesser LLP as Liaison Counsel, and consolidated the three actions under the caption *In re Wonder Auto Technologies, Inc. Securities Litigation*, 11-cv-3687.  On October 5, 2011, the Action was reassigned to the Honorable Paul A. Engelmayer.

On December 2, 2011, Lead Plaintiff filed a Consolidated Complaint for Violations of the Federal Securities Laws naming as defendants WATG, Qingjie Zhao, and Meirong Yuan. The Complaint seeks relief on behalf of a class consisting of all purchasers of the common stock of WATG from March 30, 2009, through May 6, 2011, inclusive.  The Complaint seeks remedies under Section 10(b) and Section 20(a) of the Securities Exchange Act of 1934 arising out of Defendants' alleged misconduct.

Beginning on April 20, 2012, the Settling Parties engaged in mediation before mediator Jed Melnick of JAMS.  With the assistance of the mediator, the Settling Parties continued over the next several months to engage in settlement discussions, and now have agreed to the terms of this Stipulation and Settlement.

## II.    WATG'S DENIAL OF WRONGDOING AND LIABILITY

WATG has denied and continues to deny each and all of the claims, contentions, and allegations made in the Action and maintains that all such claims, contentions, and allegations lack merit.  WATG has expressly denied and continues to deny all charges of wrongdoing or liability against it arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action.  WATG also has denied and continues to deny, *inter alia:* (i) that any purchaser or acquirer of WATG securities during the Settlement Class Period suffered damage or other harm; (ii) that any of Defendants' public statements were deficient in any respect; (iii) that the prices of WATG's securities during the Settlement Class Period were artificially inflated as the result of or by reason of any alleged misrepresentations, omissions, non-disclosures, or otherwise; and (iv) that any of the Defendants violated any of the federal

2

securities laws.  Pursuant to the terms set forth below, this Stipulation shall in no event be construed as or deemed to be evidence of an admission or concession by WATG with respect to any claim of any fault, liability, wrongdoing, or damage whatsoever, all of which has been consistently denied and continues to be denied by WATG.

Nonetheless, WATG has taken into account the uncertainty and risks inherent in any litigation, especially in complex cases like the Action.  WATG also has concluded that litigation of the Action could be protracted, distracting, burdensome, and expensive.  WATG has, therefore, determined that it is desirable and beneficial that the Action be fully, finally, and forever settled in the manner and upon the terms and conditions set forth in this Stipulation.

Neither this Stipulation, nor any document referred to herein, nor any action taken to carry out this Stipulation is, may be construed as, or may be used as, an admission by or against WATG of any fault, wrongdoing or liability whatsoever. Entering into or carrying out the terms of this Stipulation (or the Exhibits hereto) and any negotiations or proceedings related hereto shall in no event be construed as, or be deemed to be evidence of, an admission or concession with regard to Lead Plaintiff's claims or in any way contrary to WATG's denials and defenses, and shall not be offered by any of the Settling Parties or Settlement Class Members or received in evidence in any action or proceeding in any court, administrative agency, or other tribunal for any purpose whatsoever other than to enforce the provisions of this Stipulation (and the Exhibits hereto) or the provisions of any related agreement or release, or to support a defense on behalf of WATG of *res judicata*, collateral estoppel, release, or other theory of claim or issue preclusion or similar defense.

## III.   LEAD PLAINTIFF'S CLAIMS AND BENEFITS OF SETTLEMENT

Lead Plaintiff and Lead Plaintiff's Counsel believe that the claims asserted in the Action have merit. Lead Plaintiff and Lead Plaintiff's Counsel recognize, however, and have taken into account, the uncertainty and risks inherent in any litigation, especially in complex cases like the Action.  Lead Plaintiff and Lead Plaintiff's Counsel also have taken into account the uncertainty

of a recovery should there be continued proceedings to prosecute the Action in light of the fact that WATG is located in the People's Republic of China and has represented that it has no assets in, and conducts no business in, the United States.  Lead Plaintiff and Lead Plaintiff's Counsel also are mindful of the inherent problems of proof of, and possible defenses to, the securities law violations asserted in the Action.  Based on their evaluation, Lead Plaintiff and Lead Plaintiff's Counsel believe that the Settlement set forth in this Stipulation confers substantial benefits upon, and is in the best interest of, the Settlement Class.

## IV.     TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by Lead Plaintiff (for itself and Settlement Class Members), and WATG, by and through their respective counsel or attorneys of record, being fully authorized to enter into this Stipulation, that, subject to the approval of the Court, the Released Claims, shall be finally and fully compromised, settled, and released, and the Action shall be dismissed with prejudice, upon and subject to the terms and conditions of this Stipulation, as follows.

### 1.     Definitions

As used in this Stipulation the following terms have the meanings specified below:

1.1     "Action" means any and all of the actions consolidated in the United States District Court for the Southern District of New York under the caption *In re Wonder Auto Technologies, Inc. Securities Litigation*, 11-cv-3687-PAE, and encompasses any and all complaints and other court filings in those actions;

1.2     "Appeal" means a request for appellate review of any order or judgment of the Court entered in this Action, including but not limited to appeals as of right, discretionary appeals, interlocutory appeals, any order reinstating an appeal, and proceedings involving writs of certiorari and/or any proceedings thereon;

1.3     "Authorized Claimant" means any Settlement Class Member whose claim for recovery has been allowed pursuant to the Plan of Allocation;

4

1.4     "Bar Order" means the provisions in the Class Judgment providing that certain claims, as provided for in 15 U.S.C. §78u-4(f)(7) and as set forth in ¶5.5 hereof, are permanently and forever barred;

1.5     "Claimant" means any Settlement Class Member who submits a Proof of Claim in such form and manner, and within such time, as the Court shall prescribe;

1.6     "Claims Administrator" means Gilardi & Co LLC (www.gilardi.com);

1.7     "Class Judgment" means an order and/or judgment, substantially in the form attached hereto as Exhibit B, entered by the Court with jurisdiction in the Action;

1.8     "Complaint" means the Consolidated Complaint for Violations of the Federal Securities Laws, filed December 2, 2011 and captioned *In re Wonder Auto Technologies, Inc. Securities Litigation*, 11-cv-3687-PAE, Docket No. 25;

1.9     "Court" means the United States District Court for the Southern District of New York;

1.10    "Defendants" means WATG and the Individual Defendants;

1.11    "Effective Date" means the first date by which all of the events have occurred and conditions have been met as specified in ¶8.1 of this Stipulation;

1.12    "Escrow Agent" means Gilardi & Co LLC (www.gilardi.com);

1.13    "Final" means the last of the following to occur (i) the expiration of three (3) business days after the time to file a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e) has passed without any such motion having been filed; (ii) the expiration of three (3) business days after the time in which to file an Appeal has passed without any Appeal having been taken; and (iii) the resolution of any Appeal in a manner that does not reverse or vacate the Class Judgment and in a manner that permits the consummation of the Settlement substantially in accordance with the terms and conditions of this Stipulation.  For purposes of the definition of "Final" under this Stipulation, an Appeal shall not include any Appeal pertaining solely to any Plan of Allocation and/or application for or award of attorneys' fees or expenses;

5

1.14    "Individual Defendants" means Qingjie Zhao and Meirong Yuan;

1.15    "Lead Counsel" means Gold Bennett Cera & Sidener LLP;

1.16    "Lead Plaintiff" means aAd Partners LP;

1.17    "Lead Plaintiff's Counsel" means Lead Counsel and Liaison Counsel;

1.18    "Liaison Counsel" means Klafter Olsen & Lesser LLP;

1.19    "Net Settlement Fund" means the balance of the Settlement Fund after payment of the items set forth in ¶6.1(a)-6.1(d) hereof;

1.20    "Notice" means the long-form notice to be mailed, as ordered by the Court, to Class Members informing them, *inter alia*, of the terms of the Settlement, substantially in the form of Exhibit A-1 attached hereto;

1.21    "Person" means an individual, corporation, limited liability corporation, professional corporation, limited liability partnership, partnership, limited partnership, association, joint stock company, joint venture, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity, together with, as applicable, their respective domestic partners, spouses, heirs, executors, administrators, predecessors, successors, representatives, or assignees of any of the foregoing;

1.22    "Plan of Allocation" means a plan or formula of allocation (to be described in the Notice for the benefit of Settlement Class Members) of the Settlement Fund whereby the Net Settlement Fund shall be distributed to Authorized Claimants.  Any Plan of Allocation is not part of this Stipulation and WATG shall have no responsibility or liability with respect thereto;

1.23    "Preliminary Approval Order" means an order, substantially in the form of Exhibit A attached hereto, providing for, *inter alia*, preliminary approval of the Settlement set forth in this Stipulation, and approval of the forms and methods for providing the Notice and Summary Notice to the Settlement Class;

6

1.24    "Proof of Claim" means the Proof of Claim and Release form, substantially in the form of Exhibit A-3 attached hereto, to be sent to Settlement Class Members as ordered by the Court for Settlement Class Members to seek a recovery from the Net Settlement Fund;

1.25    "Released Claims" means all claims (including without limitation Unknown Claims, as defined in ¶1.41 hereof) demands, rights, liabilities, suits, debts, obligations, and causes of action of every nature and description whatsoever, whether known or unknown, contingent or absolute, mature or unmature, discoverable or undiscoverable, liquidated or unliquidated, accrued or unaccrued, concealed or hidden, regardless of legal theory, including, without limitation, claims for negligence, gross negligence, recklessness, intentional wrongdoing, fraud, breach of fiduciary duty, breach of the duty of care and/or loyalty or violations of the common law, administrative rule or regulation, tort, contract, equity, or otherwise or of any state or federal statutes, rules or regulations or international law, or the law of any foreign jurisdiction, that were asserted, or could have been asserted, or might have been asserted, in the Action or in any other litigation, action, or forum by Lead Plaintiff or the Settlement Class Members, or any of them, against the Released Parties, or any of them, which arise out of or relate in any way, directly or indirectly, in whole or in part, to (a) the purchase or acquisition of WATG securities during the Settlement Class Period; (b) any allegations or statements in the Complaint; or (c) WATG's defense or settlement of the Action, provided, however, Released Claims do not include any action taken to enforce the terms of this Settlement against WATG, and do not include any of the derivative claims asserted in *In re Wonder Auto Technology, Inc. Deriv. Litig.*, 11-0C00193 1B (Carson City Super. Ct.); and *In re Wonder Auto Technology, Inc., Deriv. Litig.*, 11-cv-1022 (D. Nev.);

1.26    "Released Parties" means each and all of the Defendants, and each and all of WATG's respective past, present, or future parents, subsidiaries, affiliates, successors, predecessors, assigns, any entity in which WATG has or had a controlling interest (directly or indirectly), current and former officers, directors, and employees of WATG and any affiliated

7

entities, members of any Individual Defendant's immediate family, any entity in which any member of any Individual Defendant's immediate family has or had a controlling interest (directly or indirectly), and any trust of which any Individual Defendant is the settler or which is for the benefit of any Individual Defendant and/or member(s) of his family, and each and all of their respective past, present, or future accountants, administrators, advisors, affiliates, agents, analysts, assignees, assigns, associates, attorneys, co-insurers, commercial bank lenders, consultants, controlling shareholders, directors, divisions, domestic partners, employees, employers, executors, financial advisors, general or limited partners, general or limited partnerships, heirs, insurers, investment advisors, investment bankers, investment banks, joint ventures and joint venturers, managers, marital communities, members, officers, parents, personal or legal representatives, predecessors, principals, reinsurers, representatives, shareholders, current and former spouses, subsidiaries, successors, and underwriters;

      1.27   "Settlement" means the settlement between Lead Plaintiff, on behalf of itself and Members of the Settlement Class, and WATG on the terms contained in this Stipulation and its Exhibits;

      1.28   "Settlement Amount" means the total settlement consideration consisting of the principal amount of three million dollars U.S. ($3,000,000.00) in cash, to be paid in accordance with ¶3.1 hereof;

      1.29   "Settlement Class" means all Persons who purchased or otherwise acquired publicly traded securities of WATG between March 30, 2009, and May 6, 2011, inclusive. Excluded from the Settlement Class are Defendants, their officers and directors during the Settlement Class Period, the members of their immediate families, and their respective representatives, heirs, successors, and assigns, as well as any entity in which Defendants have or had a controlling interest.  Also excluded from the Settlement Class are those Persons who otherwise satisfy the above requirements for membership in the Settlement Class, but who timely

and validly request exclusion from the Settlement Class pursuant to the Notice to be sent to Settlement Class Members;

1.30    "Settlement Class Member" or "Member of the Settlement Class" means a Person who falls within the definition of the Settlement Class set forth above;

1.31    "Settlement Class Period" means the period between March 30, 2009, and May 6, 2011, inclusive;

1.32    "Settlement Fund" means a segregated account that includes the Settlement Amount, plus any interest earned thereon after such settlement consideration is paid to the Escrow Agent.

1.33    "Settlement Hearing" means a hearing held by the Court to consider and determine whether to enter an order approving the Settlement as fair, reasonable, and adequate, and to enter the Class Judgment dismissing the Action with prejudice;

1.34    "Settling Parties" means WATG and Lead Plaintiff, on behalf of itself and the Members of the Settlement Class;

1.35    "Stipulation" means this Stipulation and Agreement of Settlement;

1.36    "Summary Notice" means the summary publication notice of the Settlement, substantially in the form of Exhibit A-2 attached hereto, to be disseminated as ordered by the Court;

1.37    "Supplemental Agreement" means the separate agreement executed between Lead Plaintiff's Counsel and WATG's counsel referenced in ¶8.6 hereof setting forth an option for WATG to terminate the Settlement in the event the aggregate number of WATG securities purchased or acquired by Persons who would otherwise be Members of the Settlement Class, but who, in accordance with the provisions of the Notice, timely request exclusion from the Settlement Class, exceeds the amount specified;

1.38    "Taxes" means taxes arising with respect to the income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed upon WATG or its counsel

9

with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes;

1.39    "Tax Expenses" means expenses and costs incurred in connection with Taxes relating to the Settlement Fund, including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing, or failing to file, the returns described in ¶3.9 hereof;

1.40    "Unknown Claims" means any and all Released Claims which Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties which, if known by him, her or it, might have affected his, her or its settlement with, and release of, the Released Parties, or might have affected his, her or its decision not to object to this Settlement.  Unknown Claims include those claims in which some or all of the facts composing the claim may be suspected, or even undisclosed or hidden.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff shall expressly waive and relinquish, and each Settlement Class Member, shall be deemed to have, and by operation of the Class Judgment shall have, waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of California Civil Code §1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Lead Plaintiff shall expressly waive and relinquish, and each Settlement Class Member, shall be deemed to have, and by operation of the Class Judgment shall have, waived and relinquished, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by the law of the United States, any law of any state or territory of the United States, or principle of

10

common law, or of international law or foreign law, which is similar, comparable or equivalent in effect to California Civil Code §1542.  It is understood that Lead Plaintiff and each Settlement Class Member may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims (including the Unknown Claims), but Lead Plaintiff and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Class Judgment shall have, fully, finally, and forever discharged, settled, and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, grossly negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Lead Plaintiff acknowledges, and the other Settlement Class Members shall be deemed by operation of the Class Judgment to have acknowledged, that the foregoing waivers were separately bargained for and are key elements of the Settlement of which this release is a part.

## 2.   Certification of Settlement Class

2.1   For purposes of this Stipulation and Settlement only, the Settling Parties stipulate to the certification of the Settlement Class, as defined in ¶1.29 hereof, the appointment of Lead Plaintiff as class representative for the Settlement Class, and the appointment of Lead Counsel as Settlement Class Counsel.  WATG expressly reserves the right to contest class certification in the event the Settlement does not become effective.

## 3.   The Settlement

### a.   The Settlement Fund

3.1   Subject to the terms of this Stipulation, WATG shall pay, or cause to be paid, as full and complete consideration for the settlement of the Released Claims against the Released

11

Parties, the Settlement Amount of three million dollars U.S. ($3,000,000.00) in cash to the Escrow Agent in accordance with the terms of this ¶3.1.   The Settlement Amount shall be paid as follows:  (1) WATG shall pay or cause to be paid the sum of one hundred thousand dollars U.S. ($100,000) to the Escrow Agent within ten (10) business days after entry by the Court of a Preliminary Approval Order granting preliminary approval of the Settlement; (2) WATG shall pay or cause to be paid the sum of two million nine hundred thousand dollars U.S. ($2,900,000) to the Escrow Agent within ten (10) business days before the date of the final Settlement Hearing, which shall be scheduled for no earlier than ninety (90) days after entry of the Preliminary Approval Order.  All of the payments called for in this ¶3.1 are conditioned upon Lead Counsel's provision of instructions for payment, specifying the payee, W-9 with tax identification number, address for physical delivery of a check with a contact person name and phone number, and wiring instructions to counsel for WATG at least twenty (20) days before the date that each payment is due.

3.2     All fees, costs, and expenses incurred by or on behalf of Lead Plaintiff and the Settlement Class associated with the Settlement, including, but not limited to, Taxes, Tax Expenses, any costs or expenses related to providing notice to the Settlement Class Members, administration of the Settlement, distribution of the Net Settlement Fund, and any award of attorneys' fees and expenses as may be ordered by the Court in connection with the Settlement, shall be paid from the Settlement Fund.  Except as provided under ¶¶3.1, 3.7, and 8.3 hereof, no other payments to the Settlement Class, Lead Plaintiff, or Lead Plaintiff's Counsel shall be required under this Stipulation and the Settlement set forth herein.

**b.     The Escrow Agent**

3.3     Upon receipt, the Escrow Agent shall invest the Settlement Amount in instruments backed by the full faith and credit of the United States Government or insured by the United States Government or an agency thereof and shall reinvest the proceeds of those instruments as they mature in similar instruments at their then current market rates.  If the

settlement is terminated after Notice and Administrative Costs are paid, Lead Counsel will provide counsel for WATG with an accounting of all monies disbursed from the Escrow Agent.

3.4    The Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation, by an order of the Court, or with the written agreement of Lead Counsel and counsel for WATG.

3.5    Subject to further order and/or direction as may be made by the Court, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of this Stipulation.

3.6    All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court and shall remain subject to the jurisdiction of the Court.  WATG and the other Released Parties shall have no responsibility for, or liability whatsoever with respect to, the Settlement Fund, the Escrow Agent, the Escrow Agent's actions, any transaction executed or approved by the Escrow Agent, or the Escrow Agent's administration of the Settlement Fund.

3.7    Before the Effective Date, Lead Counsel may use up to one hundred thousand dollars U.S. ($100,000) from the Settlement Fund, without further approval from WATG or the Court, to pay costs and expenses reasonably, necessarily, and actually incurred by the Claims Administrator in connection with providing notice to the Settlement Class, including printing, mailing and disseminating the Notice and Summary Notice, locating Settlement Class Members, reimbursing brokers, banks, and other nominee holders for Settlement Class Members, assisting with the filings of Proofs of Claims, administering the Settlement Fund to Authorized Claimants, and processing Proofs of Claims.  In the event the Settlement is not approved, the Settlement does not become Final or is terminated as provided herein, or the Effective Date does not occur, Lead Plaintiff's Counsel and the Members of the Settlement Class shall have no obligation, liability or responsibility to reimburse the Settlement Fund, WATG or its insurers for any amounts paid from the Settlement Fund reasonably, necessarily, and actually expended or incurred in connection with providing notice to the Settlement Class Members or administering

the Settlement up to the amount of one hundred thousand dollars U.S. ($100,000), or such greater amount as counsel for WATG agrees that Lead Plaintiff's Counsel may expend.  In the event Lead Plaintiff's Counsel believe the costs of providing notice to the Settlement Class and/or administering the Settlement will exceed one hundred thousand dollars U.S. ($100,000), before the Effective Date, Lead Plaintiff's Counsel shall submit a written request to WATG's counsel seeking to utilize additional monies from the Settlement Fund for the purpose of providing notice and administering the Settlement.  If WATG objects to such additional costs, and, if an agreement cannot be reached, the Settling Parties shall submit the dispute to Mr. Jed Melnick of JAMS.

3.8     Before the Effective Date, Lead Counsel shall provide counsel for WATG with copies of all records of the Settlement Fund, including all records of disbursements, deposits, and statements of account.

### c.     Taxes, Tax Expenses and Related Matters

3.9     The Settling Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. §§1.468B-1 through 1.468B-5.  In addition, the Escrow Agent shall timely make such elections as are necessary or advisable to carry out the provisions of this ¶3.9, including the "relation-back election" (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filings to occur.

3.10     For the purpose of §468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent.  The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including without limitation the returns described

in Treas. Reg. §1.468B-2(k)(l)). Such returns (as well as the election described in ¶3.9 hereof) shall be consistent with this ¶3.10 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶3.11 hereof.

3.11     All Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, and Tax Expenses shall be paid out of the Settlement Fund.

3.12     WATG and its counsel shall have no liability or responsibility for any Taxes or any Tax Expenses or the filing of any tax returns or other documents with the Internal Revenue Service or any other state or local taxing authority.  With funds from the Settlement Fund, the Escrow Agent shall indemnify and hold harmless WATG and its counsel for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification). Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior permission of WATG or the Court.  The Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such Taxes and Tax Expenses including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(1)(2)); neither WATG nor its counsel are responsible to pay such Taxes and Tax Expenses, nor shall they have any liability or responsibility therefor.  The Settling Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶3.12.

### d.     Termination of Settlement

3.13     In the event that the Effective Date does not occur or the Settlement is not approved or is terminated for any reason, the remaining balance of the Settlement Fund

(including accrued interest and income), less all expenses paid, incurred, or accrued in connection with providing notice to Settlement Class Members and administration of the Settlement as provided in ¶3.7 above, shall be refunded in accordance with and as described in ¶8.3 hereof.

**4.     Preliminary Approval, Preliminary Approval Orders and Settlement Hearing**

4.1     Promptly after execution of this Stipulation, the Settling Parties shall submit this Stipulation together with its Exhibits to the Court and Lead Plaintiff's Counsel shall apply for entry of the Preliminary Approval Order, and request a time, date and place for the Settlement Hearing, which shall be scheduled for no earlier than ninety (90) days after entry by the Court of the Preliminary Approval Order.  Lead Counsel shall be responsible for providing notice to the Settlement Class Members as directed by the Court in the Preliminary Approval Order.  Lead Plaintiff's Counsel, subject to Court approval, may select and retain a third party Claims Administrator to assist in providing notice to Settlement Class Members and administering the Settlement.

4.2     Following notice to the Settlement Class Members as approved and directed by the Court, at the Settlement Hearing, the Settling Parties shall ask the Court to consider and determine whether the Class Judgment should be entered:

(a)     Finding the Settlement as provided in this Stipulation is fair, reasonable, and adequate within the meaning of Rule 23 of the Federal Rules of Civil Procedure, and that the Settlement is approved;

(b)     confirming the certification of the Class for Settlement purposes, including the appointment of the Settlement Class Representative and the Settlement Class Counsel;

(c)     directing that the Settlement be consummated pursuant to the terms of this Stipulation and that the Action be dismissed in its entirety as to all Defendants without costs and with prejudice, and releasing as to the Released Parties only the Released Claims;

16

(d)      permanently barring and enjoining the institution and prosecution, by Lead Plaintiff and the other Settlement Class Members, of any other action against the Released Parties or any of them, in any court or forum of any kind asserting any Released Claims;

(e)      reserving jurisdiction over the Action, including all future proceedings concerning the administration, consummation, construction, and enforcement of this Stipulation;

(f)      finding, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delaying and directing entry of a final judgment; and

(g)      containing such other and further provisions consistent with the terms of this Stipulation to which the Settling Parties expressly consent in writing.

4.3      At or after the Settlement Hearing, Lead Plaintiff's Counsel also will request that the Court approve the Plan of Allocation of the Net Settlement Fund to Authorized Claimants and Lead Plaintiff's Counsel may request an award of attorneys fees and reimbursement of expenses incurred in the prosecution of the Action.

**5.      Releases and Bar Orders**

5.1      Upon the Effective Date, Lead Plaintiff and each of the Settlement Class Members for themselves and for each of their respective past and present affiliates, agents, assignees, assigns, associates, attorneys, controlling shareholders, directors, divisions, domestic partners, executors, general or limited partners, general or limited partnerships, heirs, marital communities, members, officers, parents, personal or legal representatives, predecessors, principals, representatives, shareholders, spouses, subsidiaries, successors, and any other Person claiming (now or in the future) through or on behalf of any of them (whether or not such Settlement Class Member ever seeks or obtains by any means, including without limitation, by submitting a Proof of Claim, any distribution from the Settlement Fund) shall be deemed to have, and by operation of the Class Judgment entered in the Action shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims (including Unknown Claims) against each and all of the Released Parties, and shall have covenanted not to sue any of the

Released Parties with respect to all such Released Claims, except to enforce the releases and other terms and conditions contained in this Stipulation or the Class Judgment entered pursuant hereto.

5.2     Upon the Effective Date, Lead Plaintiff and each of the Settlement Class Members for themselves and for each of their respective past and present affiliates, agents, assignees, assigns, associates, attorneys, controlling shareholders, directors, divisions, domestic partners, executors, general or limited partners, general or limited partnerships, heirs, marital communities, members, officers, parents, personal or legal representatives, predecessors, principals, representatives, shareholders, spouses, subsidiaries, successors, and any other Person claiming (now or in the future) through or on behalf of any of them, directly or indirectly, individually, representatively, or in any other capacity (whether or not such Settlement Class Member executes and delivers a Proof of Claim) shall be forever permanently barred, enjoined, and restrained from commencing, instituting, asserting, maintaining, enforcing, prosecuting, or continuing to prosecute, either directly or in any other capacity, any Released Claim (including any Unknown Claim) against any of the Released Parties, in the Action or in any other action or any proceeding, in any state, federal, or foreign court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, or in the court of any foreign jurisdiction.

5.3     The Proof of Claim to be executed by Settlement Class Members shall release all Released Claims (including Unknown Claims) against all Released Parties.

5.4     Upon the Effective Date, WATG shall be deemed to have, and by operation of the Class Judgment entered in the Action, shall have, fully, finally, and forever released, relinquished, and discharged each and all of the Settlement Class Members and Lead Plaintiff, including their respective successors, assigns, heirs, domestic partners, spouses, marital communities, executors, administrators, attorneys and legal representatives, from all claims, including unknown claims, arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Action, except to enforce the releases and

18

other terms and conditions contained in this Stipulation or any Court order (including but not limited to the Class Judgment) entered pursuant thereto.

5.5    The Class Judgment in the Action will contain a Bar Order as required by section 21D(f)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(f)(7), and shall permanently and forever bar all Persons from filing, instituting, prosecuting, or maintaining, directly or indirectly, in any capacity, any claims under state, federal, or common law for contribution against WATG, whether based in tort, contract, or any other theory, arising from, based upon, or related to the Released Claims, the Action, or the subject matters of the Action.

5.6    Pending the Court's determination of whether the Settlement should be approved, other than those activities and proceedings relating to this Stipulation and the Settlement, all proceedings and all further activity relating to the Action shall be stayed.

5.7    Pending the Court's determination of whether the Settlement should be approved, neither Lead Plaintiff, nor any of the Settlement Class Members shall commence, maintain or prosecute any action or proceeding in any court or tribunal against any Defendant asserting any of the Released Claims.

6.    **Administration and Calculation of Claims, Final Awards and Supervision and Distribution of the Settlement Fund**

6.1    The Claims Administrator, subject to such supervision and direction of Lead Counsel and subject to approval by the Court, shall administer and calculate the claims submitted by Settlement Class Members and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.  Following the Effective Date, the Settlement Fund shall be applied as follows:

(a)    to pay all the costs and expenses reasonably and actually incurred in connection with providing notice and identifying and locating Settlement Class Members;

(b)    to pay the Taxes and Tax Expenses described in ¶¶3.9 and 3.10 hereof;

(c)      to pay any award of attorneys' fees and/or reimbursement of expenses to Lead Plaintiff's Counsel as and to the extent allowed by the Court;

(d)      to pay all costs and expenses reasonably and actually incurred in connection with administering and distributing the Settlement Fund to Authorized Claimants, processing Proofs of Claims and paying escrow fees and costs, if any, to the extent such costs and expenses have not previously been paid under ¶3.7 hereof;

(e)      subject to the provisions of ¶6.2(c) hereof, to distribute the Net Settlement Fund to Authorized Claimants as allowed by this Stipulation, the Plan of Allocation, and/or the Court.

6.2      Upon the Effective Date and thereafter, and in accordance with the terms of this Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following:

(a)      Within one hundred and twenty (120) days after the dissemination of the Notice or such other time as may be set by the Court, each Person claiming to be a Settlement Class Member shall be required to submit to the Claims Administrator a completed Proof of Claim, signed under penalty of perjury and supported by such documents as specified in the Proof of Claim or such substitute documentation as otherwise permitted by Lead Plaintiff's Counsel.

(b)      Except as otherwise ordered by the Court, all Settlement Class Members who fail to timely submit a Proof of Claim within such period, or such other period as may be ordered by the Court, and all Settlement Class Members whose claims are not approved by the Court shall be forever barred from receiving any payment pursuant to this Stipulation and the Settlement set forth herein, but will in all other respects be subject to and bound by the provisions of this Stipulation, the releases contained herein, and the Class Judgment and be

20

enjoined and barred from bringing any action against any of the Released Parties asserting any of the Released Claims.

> (c)    The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with a Plan of Allocation to be described in the Notice and approved by the Court.  However, if there is any balance remaining in the Net Settlement Fund after six (6) months from the date of distribution of such Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise), to the extent, in the opinion of Lead Counsel, it is economically feasible, such balance shall be reallocated among and distributed to Authorized Claimants who would receive at least ten dollars U.S. ($10.00) from such re-distribution, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for re-distribution. Thereafter, any remaining balance should be donated, subject to Court approval, to a charity to be chosen by Lead Counsel.  Upon the Effective Date, no part of the Settlement Fund shall revert to WATG or its insurers.

6.3    The Plan of Allocation shall be proposed by Lead Plaintiff's Counsel, and WATG shall take no position with respect to the proposed Plan of Allocation or such plan as may be approved by the Court.

6.4    No Person shall have any claim against Lead Plaintiff, Lead Plaintiff's Counsel, any claims administrator, the Escrow Agent or any agent designated by WATG, its counsel, or any of their respective counsel, based on the investment or distributions made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or further orders of the Court.

6.5    It is understood and agreed by the Settling Parties that the proposed Plan of Allocation including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement set forth in this Stipulation, and any order or proceeding relating to the Plan of Allocation shall not

operate to terminate or cancel this Stipulation or affect the finality of the Class Judgment approving this Stipulation and the Settlement set forth therein, or any other orders entered pursuant to this Stipulation.

**7.      Lead Plaintiff's Counsel's Attorneys' Fees and Reimbursement of Expenses**

7.1      Lead Plaintiff's Counsel may submit one or more applications for an award of (a) attorneys' fees in connection with prosecution of the Action not to exceed 16.66% of the Settlement Fund; (b) reimbursement of expenses incurred in connection with prosecuting the Action not to exceed one hundred thousand dollars ($100,000); (c) interest on such attorneys' fees and expenses allowed by the Court from the date of such award until the date of actual payment from the Settlement Fund to Lead Plaintiff's Counsel at the same rate earned by the Settlement Fund; and (d) reimbursement of fees and expenses incurred by Lead Plaintiff's Counsel in administering the Settlement, including hourly attorneys' fees incurred by Lead Plaintiff's Counsel solely in connection with administration of the Settlement.  WATG agrees not to oppose any such applications by Lead Plaintiff's Counsel on the terms set forth above.

7.2      Any attorneys' fees and/or reimbursement of expenses awarded by the Court shall be deducted from the Settlement Fund after entry of the Class Judgment by the Court.  Lead Counsel shall allocate any attorneys' fees awarded to Lead Plaintiff's Counsel by the Court between and among all Plaintiff's Counsel in the Action in a manner in which Lead Counsel, in good faith, believes reflects the relative contributions of such counsel to the prosecution and settlement of the Action.

7.3      In the event Lead Plaintiff's Counsel have been paid attorneys' fees and/or reimbursement of expenses awarded by the Court, and this Stipulation is terminated for any reason, the Effective Date does not otherwise occur, or an order awarding Lead Plaintiff's Counsel attorneys' fees and/or reimbursement of expenses is reversed or modified, then any of Lead Plaintiff's Counsel who have received a payment shall, within ten (10) business days from

22

Lead Plaintiff's Counsel receiving notice from WATG's Counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund the fees and expenses previously paid to them from the Settlement Fund, plus interest thereon at the same rate as earned by the Settlement Fund, in an amount consistent with such reversal or modification.  The return obligation set forth in this ¶7.3 is the obligation of all Plaintiff's Counsel who receive a payment in the Action.  Each such Plaintiff's Counsel's law firm, as a condition of receiving such fees and expenses, on behalf of itself and each partner and/or shareholder of it, agrees that the law firm and its partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this ¶7.3.

7.4     The procedure for and the allowance or disallowance by the Court of any applications by Lead Plaintiff's Counsel for attorneys' fees and reimbursement of expenses to be paid out of the Settlement Fund are not part of the Settlement set forth in this Stipulation, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement set forth in this Stipulation, and any order or proceeding relating to the allowance or disallowance by the Court of any applications by Lead Plaintiff's Counsel for attorneys' fees and reimbursement of expenses to be paid out of the Settlement Fund, or any appeal from any order relating thereto, or any modification thereof, shall not operate to terminate or cancel this Stipulation, or affect or delay the finality of the Class Judgment in the Action.

7.5     The Released Parties shall have no responsibility for, and no liability whatsoever with respect to, the allocation among counsel for any plaintiff in the Action and/or any other Person who may assert some claim thereto, of any fee and expense award that the Court may make in the Action.

8.  **Conditions of Settlement, Effect of Disapproval, Cancellation or Termination**

8.1     This Stipulation, the Settlement and the Effective Date shall be conditioned on the occurrence of all of the following events:

(a)     WATG shall have paid, or caused to be paid, the Settlement Amount in accordance with and as required by ¶3.1 hereof;

(b)     The Court has entered the Preliminary Approval Order, as required by ¶4.1 hereof, substantially in the form of Exhibit A attached hereto;

(c)     WATG has not exercised its option to withdraw or terminate this Stipulation pursuant to ¶8.6 hereof;

(d)     The Court has approved the Settlement as described herein, following notice to the Settlement Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and has entered the Class Judgment in the Action in substantially the form of Exhibit B attached hereto, respectively; and

(e)     The Settlement and Class Judgment have become Final.  For the avoidance of doubt, the Settlement shall not become Final so long as any Appeal has not become Final as defined in this Stipulation.

8.2     If the Effective Date does not occur for any reason whatsoever, then this Stipulation and Settlement incorporated herein shall be canceled and terminated except to the extent of ¶7.3 hereof unless Lead Plaintiff's Counsel and counsel for WATG mutually agree in writing to proceed with this Stipulation.  No Settling Party shall have any obligation whatsoever to proceed under any terms other than substantially in the form and under the terms provided and agreed to herein; provided, however, that no order of the Court solely concerning any award of attorneys' fees and/or expenses to Lead Plaintiff's Counsel or Plan of Allocation, or any modification or reversal on appeal of such order, shall constitute grounds for cancellation or termination of this Stipulation by any Settling Party.

24

8.3     In the event the Settlement is not approved or this Stipulation shall terminate or shall not become effective for any reason, within ten (10) business days after written notification of such event is sent by counsel for WATG or Lead Plaintiff's Counsel to the Escrow Agent, the Settlement Fund (including accrued interest), less all fees, expenses and/or costs which have either been disbursed or incurred pursuant to ¶¶3.7 to 3.11 above, shall be refunded by the Escrow Agent to WATG or its insurers in accordance with written instructions to be signed by WATG (or its counsel) and its insurers (as appropriate), either together or in counterpart. Subject to ¶3.7, under no circumstances shall Lead Plaintiff or Lead Plaintiff's Counsel be responsible for, or required to reimburse or return any amounts disbursed or incurred for notice to Settlement Class Members, administration of the Settlement, payment of Taxes or payment of Tax Expenses, whether such amounts are paid before or after the Settlement Hearing from the Settlement Fund or as part of a reimbursement of expenses to Lead Plaintiff's Counsel at or after the Settlement Hearing.  At the request of counsel for WATG, the Escrow Agent or its designee shall apply for any tax refund owed to the Settlement Fund and pay the proceeds, after payment by WATG of any reasonable fees or expenses incurred by Lead Plaintiff's Counsel and the Escrow Agent in connection with such application(s) for refund, to counsel for WATG who shall, in turn, refund such amounts to WATG or its insurers in proportion to their respective contributions to the Settlement Fund.

8.4     In the event that this Stipulation or Settlement is not approved by the Court or the Settlement set forth in this Stipulation is terminated for any reason, the Settling Parties shall be restored to their respective positions in the Action as of the date of this Stipulation.  All negotiations, proceedings, documents prepared and statements made in connection herewith shall be without prejudice to the Settling Parties, shall not be deemed or construed to be an admission by any Settling Party of any act, matter or proposition and shall not be used in any manner or for any purpose in any subsequent proceeding in the Action or in any other action or proceeding.  In such event, the terms and provisions of this Stipulation, with the exception of ¶¶1.1-1.41, 3.3-

25

3.13, 8.1-8.6, and 9.4 herein, shall have no further force and effect with respect to the Settling

Parties and shall not be used in the Action or in any other proceeding for any purpose, and any

Class Judgment or orders entered by the Court in accordance with the terms of this Stipulation

shall be treated as vacated, *nunc pro tunc.*

       8.5     If the Effective Date does not occur, or if this Stipulation is terminated for any

reason, neither Lead Plaintiff nor Lead Plaintiff's Counsel shall have any obligation to repay any

amounts actually and properly disbursed from, chargeable for, or incurred in connection with,

notice to Settlement Class Members, administration of the Settlement, payment of Taxes or the

payment or incurring of Tax Expenses as provided in ¶3.9 above.  In addition, any expenses

already incurred and properly chargeable to the Settlement Fund pursuant to ¶3.7 hereof at the

time of such termination or cancellation but which have not been paid, shall be paid by the

Escrow Agent in accordance with the terms of this Stipulation prior to the balance being

refunded.

       8.6     If before the Settlement Hearing, the aggregate number of WATG securities

purchased or acquired by Persons who would otherwise be Members of the Settlement Class, but

who, in accordance with the provisions of the Notice, timely request exclusion from the

Settlement Class, exceeds the respective amount specified in a Supplemental Agreement between

the Settling Parties, WATG shall have, in its sole and absolute discretion, the option to terminate

this Stipulation in accordance with the procedures set forth in the Supplement Agreement.  The

Supplemental Agreement will not be filed with the Court unless and until a dispute arises

between Lead Plaintiff and WATG concerning its interpretation or application, or unless the

Court requires disclosure.  If the Court requires that the Supplemental Agreement be filed, it

shall be filed with the Court under seal.  Copies of all requests for exclusion received by Lead

Plaintiff's Counsel, together with all written revocations of requests for exclusion, shall be

delivered to counsel for WATG within ten (10) business days of receipt by Lead Plaintiff's

Counsel, but in no event later than fourteen (14) calendar days before the Settlement Hearing, if received by that time.

**9.      Miscellaneous Provisions**

9.1      The Settling Parties:  (a) acknowledge that it is their intent to consummate the terms and conditions of this Stipulation; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of this Stipulation.

9.2      The Settling Parties intend this Settlement to be a final and complete resolution of all disputes among them with respect to the Action.

9.3      The Settlement compromises claims that are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense.  While WATG denies any wrongdoing or liability to Settlement Class Members with respect to the Action, the Settling Parties agree and the Class Judgment in the Action will state, that the Action was filed, prosecuted, and defended in good faith and in accordance with the applicable law and Federal Rules of Civil Procedure, including Rule 11 of the Federal Rules of Civil Procedure, and is being settled voluntarily after consultation with competent legal counsel.

9.4      Neither this Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Stipulation or the Settlement:  (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claims, or of any wrongdoing or liability of WATG; and/or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of WATG in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. WATG may file this Stipulation and/or the Class Judgment in related litigation as evidence of the Settlement, or in any action that may be brought against it in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith

27

settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

9.5     All agreements made and orders entered during the course of the Action relating to the confidentiality of information shall survive this Stipulation, and except as required by the terms of this Stipulation and its Exhibits or by Court order, neither Lead Plaintiff nor Lead Plaintiff's Counsel shall make any statements to the press or the public or issue any press releases regarding the settlement, unless otherwise expressly agreed to by counsel for WATG.

9.6     All of the Exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

9.7     This Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

9.8     This Stipulation and the Exhibits attached hereto, and the Supplemental Agreement constitute the entire agreement among the Settling Parties and no representations, warranties, or inducements have been made to any party concerning this Stipulation, its Exhibits, or the Supplemental Agreement other than the representations, warranties, and covenants contained and memorialized in such documents.  This Stipulation supersedes and replaces any prior or contemporaneous writing, statement, or understanding.  Except as otherwise provided herein, each Settling Party shall bear its own costs.

9.9     Counsel for the Settling Parties are expressly authorized by their respective clients to take all appropriate action required or permitted to be taken pursuant to this Stipulation to effectuate its terms and conditions.

9.10    Each counsel or other Person executing this Stipulation or any of its Exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

9.11    This Stipulation may be executed in one or more counterparts.  All executed counterparts, including by signature transmitted via email in PDF format, and each of them shall be deemed to be one and the same instrument.

9.12    This Stipulation shall be binding upon, and inure to the benefit of Lead Plaintiff and Members of the Settlement Class and their respective successors, assigns, heirs, domestic partners, spouses, marital communities, executors, administrators, attorneys, and legal representatives, and any corporation or other entity into which Lead Plaintiff or any Settlement Class Member merges, consolidates, or reorganizes and of WATG and the Released Parties.

9.13    The Settling Parties acknowledge, represent, and warrant to each other that the mutual releases and payment hereunder are adequate consideration for the consideration given.

9.14    Without affecting the finality of the Class Judgment entered in accordance with this Stipulation, the Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Stipulation and Class Judgment, and the Settling Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation and Class Judgment.

9.15    This Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed and delivered, entered into, and to be wholly performed, in the State of New York, and the rights and obligations of the Settling Parties to this Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of New York without giving effect to that State's choice of law principles.

9.16    The Settling Parties shall request that the Court stay all proceedings in the Action and that all Members of the Settlement Class be barred and enjoined from prosecuting any of the Released Claims against any of the Released Parties during consideration of the Settlement.

9.17    This Stipulation shall not be construed more strictly against one Settling Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Setting Parties, it being recognized that this Stipulation is the result of arm's-length negotiations between the Settling Parties, and all Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

9.18    The waiver by one Settling Party of any breach of this Stipulation by another Settling Party shall not be deemed a waiver by any other party or a waiver of any other prior or subsequent breach of this Stipulation.

IN WITNESS WHEREOF, the Settling Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, dated as of January 9, 2013.


**GOLD BENNETT CERA & SIDENER LLP**

By: _Thomas C. Bright_

Solomon B. Cera
Thomas C. Bright
595 Market Street, Suite 2300
San Francisco, California 94105
Tel: (415) 777-2230
Fax: (415) 777-5189
Email: scera@gbcslaw.com
Email: tbright@gbcslaw.com

Attorneys for Lead Plaintiff
aAd Partners LP


**MORRISON & FOERSTER LLP**

By: _Paul T. Friedman_

Paul T. Friedman
(admitted *pro hac vice*)
Anna Erickson White
(admitted *pro hac vice*)
425 Market Street
San Francisco, California 94105-2482
Tel: (415) 268-7000
Fax: (415) 268-7522
Email: pfriedman@mofo.com
Email: awhite@mofo.com

Attorneys for Defendant
WATG