# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE WONDER AUTO TECHNOLOGY, INC. SECURITIES LITIGATION | No. 11-CV-03687-PAE<br><br>ECF CASE |
| This Document Relates To:  All Actions | |

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT AGREEMENT, PRELIMINARILY CERTIFYING CLASS FOR SETTLEMENT PURPOSES ONLY, APPROVING FORM AND MANNER OF CLASS NOTICE, AND SETTING DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENT AND AWARD OF ATTORNEYS' FEES AND EXPENSES**

**WHEREAS**, a consolidated class action is pending before this Court entitled *In Re Wonder Auto Technology, Inc., Securities Litigation*, No. 11-cv-03687-PAE (Consolidated With: Civil Action No. 11-cv-04103-PAE and 11-cv-04512-PAE) (the "Action");

WHEREAS, the Lead Plaintiff and defendant Wonder Auto Technologies ("WATG") have determined to settle all claims asserted against Defendants in the Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated January 9, 2013 (the "Stipulation") and fully, finally, and forever resolve, discharge, and settle the

1

Released Claims against the Released Parties upon the terms and conditions set forth therein, subject to the approval of this Court (the "Settlement");

WHEREAS, the Lead Plaintiff having made an application, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure for an order preliminarily approving the Settlement of the Action, in accordance with the Stipulation, certifying the Settlement Class for purposes of Settlement only, and allowing notice to Class Members as more fully described herein;

**WHEREAS**, the Court has received the Stipulation dated January 9, 2013 that has been entered into by the Lead Plaintiff and WATG, and the Court has reviewed the Stipulation and its attached Exhibits; and

**WHEREAS**, all capitalized defined terms contained herein shall have the same meanings as set forth in the Stipulation,

**NOW, THEREFORE, IT IS HEREBY ORDERED**:

1. **Class Certification for Settlement Purposes** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for settlement purposes only, a Settlement Class consisting of all Persons who purchased or otherwise acquired publicly traded securities of WATG between March 30, 2009 and May 6, 2011, inclusive ("Settlement Class Period"). Excluded from the Settlement Class are Defendants, their officers and directors during the Settlement Class Period, the members of their immediate families, and their respective representatives, heirs, successors, and assigns, as well as any entity in which Defendants have or had a controlling interest.  Also excluded from the Settlement Class are those Persons who otherwise satisfy the above requirements for membership in the Settlement Class, but who timely and validly request exclusion from the Settlement Class pursuant to the Notice to be sent to Settlement Class Members.

2. **Class Findings** – With respect to the Settlement Class, this Court preliminarily finds, solely for purposes of effectuating the Settlement, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that:

(a) the Members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class Members which predominate over any individual questions; (c) the claims of the Lead Plaintiff are typical of the claims of the Settlement Class; (d) the Lead Plaintiff and Lead Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Settlement Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Settlement Class; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the Action.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and solely for the purposes of this Settlement, the Court preliminarily certifies aAd Partners, LP as class representative for the Settlement Class and appoints Lead Counsel as counsel for the Settlement Class. The Court preliminarily finds, solely for the purposes of this Settlement, that the claims of Lead Plaintiff are typical of the claims of the Settlement Class, and that the Lead Plaintiff and Lead Counsel fairly and adequately represent and protect the interests of all of the Settlement Class Members. Lead Counsel are authorized to act on behalf of the Settlement Class with respect to all acts required by, or that may be undertaken pursuant to, the Stipulation or such other acts as are reasonably necessary to consummate the proposed Settlement as set forth in the Stipulation.

4.      **Preliminary Approval of the Settlement** – The Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

5.     **Settlement Hearing** – A hearing (the "Settlement Hearing") shall be held before this Court on _____, 2013, at ____ _.m., at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, Courtroom 18C, 500 Pearl Street, New York, New York, 10007, to determine: whether to finally certify the Action as a class action, solely for the purposes of settlement, pursuant to Rules 23(a) and (b) of the Federal Rules of Civil Procedure; whether the proposed settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class and should receive final approved by the Court; whether the Class Judgment as provided in ¶4.2 of the Stipulation should be entered herein; whether the proposed Plan of Allocation should be approved as fair and reasonable; the amount of fees and expenses that should be awarded to Lead Plaintiff's Counsel; and the amount, if any, of expenses reimbursed to Lead Plaintiff and Lead Counsel. The Court may adjourn the Settlement Hearing and approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to Members of the Settlement Class. The date and time of the Settlement Hearing shall be added to the Notice and Summary Notice before they are mailed and published.

6.     The Court approves the payment of the Settlement Amount to the Escrow Agent in accordance with the terms and obligations of the Stipulation. Before the Effective Date, Lead Counsel may use up to one hundred thousand dollars U.S. ($100,000) from the Settlement Fund, without further approval from WATG or the Court, to pay costs and expenses reasonably, necessarily, and actually incurred by the Claims Administrator in connection with providing notice to the Settlement Class, including printing, mailing and disseminating the Notice and Summary Notice, locating Settlement Class Members, reimbursing brokers, banks, and other nominee holders for Settlement Class Members, assisting with the filings of Proofs of Claims, administering the Settlement Fund to Authorized Claimants, and processing Proofs of Claims. In the event Lead Counsel believe the costs of providing notice to the Settlement Class and/or administering the Settlement will exceed one hundred thousand dollars U.S. ($100,000), before

the Effective Date, Lead Counsel shall submit a written request to WATG's counsel, Morrison & Foerster LLP, in accordance with the terms of the Stipulation. No Person or entity who is not a Settlement Class Member or counsel for Lead Plaintiff shall have any right to any portion of, or to the distribution of, the Settlement Fund unless otherwise ordered by the Court or provided in the Stipulation.

7. **Approval of Form and Content of Notice** – The Court approves, as to form and content, the Notice of Pendency of Class Action and Proposed Settlement, Settlement Fairness Hearing, and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice"), the Summary Notice, and the Proof of Claim and Release form (the "Proof of Claim") annexed as Exhibits A-1, A-2 and A-3 hereto, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶¶7-8 of this Order meet the requirements of Rules 23(c) and (e) of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995, and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.  The date and time of the Settlement Hearing shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

8. **Retention of Claims Administrator and Manner of Notice** – Lead Counsel is hereby authorized to retain Gilardi & Co., LLC (the "Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below. Notice of Settlement and the Settlement Hearing shall be given by Lead Counsel as follows:

a) Not later than ten (10) business days after the entry of this Order, WATG's current or former securities transfer agent shall use its best efforts to produce to Lead Counsel its security holder lists (consisting of security purchaser or holder names and addresses) in electronic form, to be provided to the Claims Administrator;

b) Not later than fifteen (15) business days after entry of this Order, (the "Notice Date"), Lead Counsel shall cause a copy of the Notice and the Proof of Claim, substantially in

the forms annexed as Exhibits A-1 and A-3 hereto, to be mailed by first class mail to all Settlement Class Members who can be identified with reasonable effort;

c)   Not later than twenty-eight (28) days after entry of this Order, Lead Counsel shall cause the Summary Notice attached as Exhibit A-2 hereto to be published two (2) times on a national newswire, such as Business Wire or PR Newswire;

d)   Not later than fifteen (15) days after entry of this Order, Lead Counsel shall cause the Stipulation and its Exhibits to be posted on the following website: www.gilardi.com/WonderAuto; and

e)   At least seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall cause to be served on WATG's counsel and filed with the Court proof, by affidavit or declaration, of such mailing and publishing. Such proof should also include proof of any notice to beneficial owners under ¶9 hereof.

9.     **<u>Nominee Procedures</u>** – The Claims Administrator shall use reasonable efforts to give notice to brokers and other nominees who hold WATG securities purchased or acquired during the period between March 30, 2009 through May 6, 2011, inclusive. Such brokers and other nominees are directed to either (i) send the Notice and the Proof of Claim to all beneficial owners of such WATG securities within seven (7) calendar days after receipt thereof, or (ii) send a list of the names and addresses of such beneficial owners to the Claims Administrator within seven (7) calendar days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners within seven (7) calendar days after receipt thereof. Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.   Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, subject to further order of this Court with respect to any dispute concerning such compensation.

10.    **Participation in the Settlement** – Settlement Class Members who wish to participate in the Settlement shall complete and submit Proof of Claim forms in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proof of Claim forms must be postmarked no later than ninety (90) days from entry of this Order. Any Settlement Class Member who does not timely submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall nevertheless be bound by a final judgment entered by the Court and will in all other respects be subject to and bound by the terms and provisions of the Stipulation, the releases contained therein, and the Class Judgment, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any Released Party concerning any Released Claim (including any Unknown Claim).

11.    All Members of the Settlement Class shall be bound by all determinations and judgments in the Action concerning the Settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Settlement Class, regardless of whether such Persons or entities seek or obtain any distribution from the Settlement Fund by any means, including, without limitation, by submitting a Proof of Claim or any similar document.

12.    Pending final determination of whether the Stipulation should be approved, Lead Plaintiff and all other Settlement Class Members, and Lead Plaintiffs' Counsel, are barred and enjoined from commencing or prosecuting any action asserting any Released Claims against any Released Parties.

13.    **Exclusion from the Class** – Any Member of the Settlement Class may request exclusion from the Settlement Class by submitting a written request for exclusion post-marked no later than sixty (60) days after entry of this Order and shall be addressed to:

*In re Wonder Auto Technology, Inc., Securities Litigation* – EXCLUSIONS
c/o Gilardi & Co. LLC,
P.O. Box 5100, San Rafael, CA 94912-5100

7

To be valid, all requests for exclusions must include: (a) such Person's name, address, and telephone number, along with a clear statement that such Person wishes to be excluded from the Settlement Class; and (b) the number and type of WATG securities such Person purchased or acquired during the Settlement Class Period, the number and type of securities sold during the Settlement Class Period, if any, and the dates of such purchases and sales. All Persons who submit valid and timely requests for exclusion ("Requests for Exclusion") in the manner set forth in this order shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Class Judgment entered in the Action.

14.    Lead Counsel shall cause to be provided to counsel for WATG copies of all Requests for Exclusion as provided in the Stipulation.

15.    **Appearance and Objections at Settlement Hearing** – Any Member of the Settlement Class who does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, pursuant to the process set forth in the Notice. Any Class Member desiring to enter an appearance in the Action, individually or through counsel of his, her, or its own choice, at his, her, or its own expense, must do so no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct.  If a Settlement Class Member does not enter an appearance, he, she, or it will be represented by Lead Counsel.

16.    Any Member of the Settlement Class may object to approval of the proposed Settlement of the Action, the Plan of Allocation and/or Lead Plaintiff and Lead Plaintiff's Counsel's request for an award of attorneys' fees and/or reimbursement of expenses; provided, however, that no Settlement Class Member or any other Person shall be heard or entitled to contest the approval of these matters unless that Person has filed with the Clerk of the United States District Court for the Southern District of New York, and delivered by hand or sent by first class mail to Lead Counsel and counsel for the Defendants, written objections and copies of

any papers and briefs that include: (a) such Person's or entity's name, address, and telephone number, along with a representation as to whether such Person or entity intends to appear to be heard at the Settlement Hearing; (b) a statement of the reason(s) for objection; (c) proof of all purchases, acquisitions or sales of WATG securities during the Settlement Class Period indicating, without limitation, the exchange upon which the securities were purchased, acquired, or sold and the price(s) paid and received; and (d) if such Person or entity has indicated that he, she, or it intends to appear at the Settlement Hearing, the identities of any witnesses that he, she, or it may call to testify and any exhibits that he, she, or it intends to introduce into evidence at the Settlement Hearing.  Any such objections must be filed with the Court and received by the following counsel at the addresses below no later than twenty-one (21) calendar days prior to the Settlement Hearing on each of the following:

> Clerk of the Court:
> UNITED STATES DISTRICT COURT
> SOUTHERN DISTRICT OF NEW YORK
> Daniel Patrick Moynihan United States Courthouse
> 500 Pearl Street
> New York, New York 10007-1312
>
> Lead Counsel for Settlement Class:
> Solomon B. Cera
> Thomas C. Bright
> GOLD BENNETT CERA & SIDENER LLP
> 595 Market Street, Suite 2300
> San Francisco, California 94105
>
> Counsel for Defendants:
> Paul T. Friedman
> Anna Erickson White
> MORRISON & FOERSTER LLP
> 425 Market Street
> San Francisco, California 94105

17.     Any Member of the Settlement Class who does not make his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as

9

set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and/or expenses to Lead Plaintiff's Counsel or Lead Plaintiff, unless otherwise ordered by the Court.

18.     **Settlement Fund** – All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be invested and distributed pursuant to the Stipulation and/or further order(s) of the Court.

19.     **Supporting Papers** – All opening briefs in support of the Settlement, the Plan of Allocation, and the application by Lead Counsel for attorneys' fees or reimbursement of expenses shall be filed and served no later than thirty-five (35) calendar days prior to the Settlement Hearing.

20.     Any reply papers to any timely filed objections to the Settlement, the Plan of Allocation, or any application for an award of fees and expenses by Lead Counsel or Lead Plaintiff shall be filed and served no later than seven (7) calendar days before the Settlement Hearing.

21.     Neither WATG nor the Released Parties shall have any responsibility for or liability with respect to the Plan of Allocation or any application for attorneys' fees or reimbursement of expenses submitted by Lead Counsel or Lead Plaintiff, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

22.     At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation and the request for an award of attorneys' fees and/or reimbursement of expenses by Lead Plaintiff and Lead Counsel shall be approved.

23.     **Settlement Administrative Fees and Expenses** – All reasonable expenses incurred by Lead Counsel and the Claims Administrator in identifying and notifying Settlement Class Members, as well as administering the Settlement Fund, including the payment of any Taxes and Tax Expenses, shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective for any reason, neither the

Lead Plaintiff nor Lead Counsel shall have any obligation to repay any amounts actually and properly disbursed from the Settlement Fund.

24.    In the event that the Settlement does not become Final in accordance with the terms of the Stipulation or the Effective Date does not occur, then this Order shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases given in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

25.    Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations, discussions, or proceedings connected with it, shall be construed as an admission or concession by WATG or the Released Parties of the truth of any of the allegations in the Action, or of any liability, fault, omission, or wrongdoing of any kind, and shall not be used against or offered against WATG or any Released Party in any way for any reason, including without limitation, as set forth in ¶9.4 of the Stipulation.

26.    The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Members of the Settlement Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class.

**SO ORDERED.**

DATED: _____          _____

                                        HONORABLE PAUL A. ENGELMAYER
                                        UNITED STATES DISTRICT JUDGE