EXHIBIT A-1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE WONDER AUTO TECHNOLOGY, INC. SECURITIES LITIGATION | No. 11-CV-03687-PAE<br><br>ECF CASE |
| This Document Relates To:  All Actions | |

<u>**NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT,**</u>

<u>**SETTLEMENT FAIRNESS HEARING, AND MOTION FOR ATTORNEYS' FEES AND**</u>

<u>**REIMBURSEMENT OF LITIGATION EXPENSES**</u>

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:**  Please be advised that your rights may be affected by a class action lawsuit (the "Action") pending in the United States District Court for the Southern District of New York (the "Court") if, you purchased or acquired Wonder Auto Technology, Inc. ("WATG") publicly traded securities ("WATG securities") between March 30, 2009 and May 6, 2011, inclusive (the "Settlement Class Period"), and were damaged thereby.

**NOTICE OF SETTLEMENT:**  Please also be advised that the Court-appointed Lead Plaintiff, aAd Partners LP ("Lead Plaintiff"), on behalf of itself and the Settlement Class (as defined in ¶1 below), have reached an agreement to settle the Action with WATG for a total of three million

1

dollars U.S. ($3,000,000) in cash that, if approved by the Court, will resolve all claims in the Action (the "Settlement").[1]

**PLEASE READ THIS NOTICE CAREFULLY.  This Notice explains important rights you may have, including the possible receipt of cash from the Settlement.  If you are a Settlement Class Member, your legal rights will be affected whether or not you act.**

1.      **Description of the Action and Settlement Class:**  This Notice relates to a proposed Settlement of claims in a pending class action lawsuit brought by investors alleging that between March 30, 2009 and May 6, 2011, inclusive, the Defendants made certain materially false and misleading statements and omissions about WATG's financial results, internal controls, and inventory accounting and, as a result, the prices of WATG securities were inflated.  Defendants have denied and continue to deny that they did anything wrong.  The Defendants named in the Action are WATG, Qingjie Zhao and Meirong Yuan (Mr. Zhao and Mr. Yuan were officers of WATG during the Settlement Class Period.  They have not been served with process in this Action.).  The Court has preliminarily certified a Settlement Class of all Persons who purchased or otherwise acquired publicly traded WATG securities between March 30, 2009 and May 6, 2011, inclusive (the "Settlement Class").  Excluded from the Settlement Class are Defendants, their officers and directors during the Settlement Class Period, the members of their immediate families, and their respective representatives, heirs, successors, and assigns, as well as any entity in which Defendants have or had a controlling interest.  Also excluded from the Settlement Class are those Persons who otherwise satisfy the above requirements for membership in the Settlement Class, but who timely and validly request exclusion from the Settlement Class pursuant to this Notice.

2.      **Statement of Settlement Class's Recovery:**  Subject to Court approval, and as described more fully below, WATG and Lead Plaintiff, on behalf of themselves and the Settlement Class, have agreed to settle all claims for a total settlement payment of three million dollars U.S. ($3,000,000) in cash (the "Settlement Amount").  The Settlement Amount will be deposited into an interest-bearing escrow account (the "Settlement Fund").  The Net Settlement Fund (the Settlement Fund less attorneys' fees and litigation expenses awarded by the Court, Taxes and Tax Expenses, and Notice and administration costs) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class.  The proposed plan of allocation (the "Plan of Allocation") is set forth on pages 11-12 below.

3.      **Estimate of Average Amount of Recovery Per Share:**  Lead Plaintiff's damages expert estimates that approximately 20.5 million shares of WATG securities purchased during the Settlement Class Period may have been affected by the alleged conduct at issue in the Action.  If all Settlement Class Members elect to participate in the Settlement, the estimated average recovery per affected share of WATG securities would be approximately $0.146, before

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation and Agreement of Settlement dated January 9, 2013 (the "Stipulation"), which is available on the website established for the Settlement at www.gilardi.com/WonderAuto.

deduction of attorneys' fees and expenses, Taxes and Tax Expenses, and the costs of providing notice and administering the Settlement. Settlement Class Members should note, however, that this is only an estimate based on the overall number of potentially affected shares. Some Settlement Class Members may recover more or less than the estimated amount per share.

4.      **Statement of Average Amount of Damages Per Share:** The Parties do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiff was to prevail in the Action at trial. Defendants have and continue to assert that they did not engage in any actionable conduct under the federal securities laws and that no damages were suffered by any members of the Settlement Class.

5.      **Statement of Attorneys' Fees and Expenses Sought:** The Court-appointed Lead Counsel, Gold Bennett Cera & Sidener LLP, have been prosecuting the Action on a contingent basis since its inception in 2011, and have not received any payment of attorneys' fees for their representation of the Settlement Class. Lead Counsel will apply to the Court for an award of attorneys' fees from the Settlement Fund in an amount not to exceed 16.66% of the Settlement Fund. In addition, Lead Counsel also will apply for the reimbursement of litigation expenses paid or incurred in connection with the prosecution and resolution of the Action, in an amount not to exceed one hundred thousand dollars U.S. ($100,000). If the Court approves Lead Counsel's fee and expense application, the average cost per affected share of WATG securities will be approximately $0.029.

6.      **Identification of Attorneys' Representative:** Lead Plaintiff and the Settlement Class are represented by Solomon B. Cera, Esq. and Thomas C. Bright, Esq. of Gold Bennett Cera & Sidener LLP. Any questions regarding the Settlement can be directed to Solomon B. Cera or Thomas C. Bright at Gold Bennett Cera & Sidener LLP, 595 Market Street, San Francisco, CA 94105, (415) 777-2230, scera@gbcslaw.com, tbright@gbcslaw.com.

7.      **Reasons for the Settlement:** Lead Plaintiff's principal reason for entering into the Settlement is the substantial cash benefit payable to the Settlement Class now-without further risk or the delays inherent in further litigation, and in light of the fact that WATG is located in the People's Republic of China and has represented that it has no assets in the United States. The significant cash benefit under the Settlement must be considered against the significant risk of a smaller recovery or no recovery at all in the event a court dismissed the case or Lead Plaintiff lost at trial. Lead Plaintiff would have faced hotly contested pretrial motions, trial, and likely appeals, a process that could continue several years into the future. For Defendants, who deny all allegations of wrongdoing or liability whatsoever, the principal reason for entering into the Settlement is to eliminate the expense, risks, and uncertainty of further litigation. The claims in this case involve numerous complex legal and factual issues that would require extensive and costly expert testimony. Among the many key issues about which the two sides do not agree are: (1) whether any of the Defendants violated the securities laws or otherwise engaged in any wrongdoing; (2) whether the facts that the Lead Plaintiff alleges the Defendants did not disclose were material; (3) whether the statements by the Defendants were false, misleading, or otherwise actionable under the federal securities laws; (4) whether the facts alleged by Lead Plaintiff influenced the trading prices of WATG securities during the relevant period; (5) the method for

determining whether WATG securities were artificially inflated during the relevant period; (6) the amount (if any) of such inflation; and (7) the amount of damages (if any) that could be recovered at trial.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT PROOF OF CLAIM AND RELEASE ("PROOF OF CLAIM") BY _____, 2013** | This is the only way to be eligible to receive a payment from the Settlement Fund.  If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Claims (as defined in ¶73 below) that you have against WATG  and the other Released Parties (defined in ¶74 below).  If you remain in the Settlement Class, it is in your interest to submit a Proof of Claim. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION POSTMARKED NO LATER THAN _____, 2013.** | If you exclude yourself from the Settlement Class, you will not be eligible to get any payment from the Settlement Fund. This is the only option that allows you to ever be part of any other lawsuit against any of WATG or the other Released Parties concerning the Released Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2013.** | If you do not like the proposed settlement with WATG, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of expenses, you may write to the Court and explain why you do not like them.  You cannot object to the Settlement, the Plan of Allocation or the fee and expense request unless you are a Settlement Class Member and have not excluded yourself. |
| **GO TO THE HEARING ON _____, 2013 AT _____, AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN                  , 2013.** | Filing a written objection and notice of intention to appear by _____, 2013 allows you to speak in Court about the fairness of the proposed Settlement, the Plan of Allocation, or the request for attorneys' fees and reimbursement of expenses.  If you submit a written objection, you may (but do not have to) attend the hearing and speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Settlement Class and you do not submit a Proof of Claim by _____, 2013, you will not be eligible to receive any payment from the Settlement Fund.  You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are released by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

# WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION** ............................................................................ Page 6
     Why Did I Get This Notice Package? ...................................... Page 6
     What Is This Lawsuit About? .................................................. Page 7
     Why Is This a Class Action? .................................................. Page 7
     Why Is There a Settlement? ................................................... Page 7
**WHO IS IN THE SETTLEMENT?** .......................................................... Page 7
     How Do I Know if I Am Part of the Settlement? .................... Page 8
     What Are the Exceptions to Being Included? ......................... Page 8
     I'm Still Not Sure if I Am Included in the Settlement Class .... Page 8
     What if I Bought Shares on Someone Else's Behalf? ............. Page 8
**THE SETTLEMENT BENEFITS — WHAT YOU GET** ............................... Page 9
     What Does the Settlement Provide? ....................................... Page 9
     How Much Will My Payment Be? .......................................... Page 9
**PROPOSED PLAN OF ALLOCATION** ................................................... Page 11
**CALCULATION OF RECOGNIZED LOSS AMOUNTS** .......................... Page 12
**ADDITIONAL PROVISIONS** ................................................................ Page 12
**HOW YOU GET A PAYMENT — SUBMITTING A PROOF OF CLAIM** ... Page 15
     How Will I Get a Payment? ................................................... Page 15
     What Am I Giving Up to Get a Payment or Stay in the Settlement Class? ... Page 15
**EXCLUDING YOURSELF FROM THE SETTLEMENT** ........................... Page 15
     How Do I Get Out of the Settlement Class? ........................... Page 16
     If I Do Not Exclude Myself, Can I Sue the Defendants for the Same
       Thing Later? ..................................................................... Page 16
     If I Exclude Myself, Can I Get Money from This Settlement? .. Page 16
**THE LAWYERS REPRESENTING YOU** ................................................ Page 17
     Do I Have a Lawyer in This Case? ........................................ Page 17
     How Will the Lawyers Be Paid? ........................................... Page 17
**OBJECTING TO THE SETTLEMENT, PLAN OF ALLOCATION
  AND REQUEST FOR ATTORNEYS' FEES AND REIMBURSEMENT
  OF EXPENSES** ................................................................................... Page 17
     How Do I Tell the Court that I Do Not Like the Class Action Settlement,
       the Plan of Allocation or the Request for Attorneys' Fees and/or
       Reimbursement of Expenses? ........................................... Page 17
     May I Speak at the Hearing? ................................................. Page 18
     What's the Difference Between Objecting and Excluding? ...... Page 19
**THE COURT'S FAIRNESS HEARING** ................................................... Page 19
     When and Where Will the Court Decide Whether to Approve the Settlement? ... Page 19
     Do I have to Come to the Hearing? ....................................... Page 20
**IF YOU DO NOTHING** ........................................................................ Page 20
     What Happens if I Do Nothing at All? ................................... Page 20
**GETTING MORE INFORMATION** ....................................................... Page 23
     Are There More Details About the Settlement? ..................... Page 23

| BASIC INFORMATION |
|---|

**Why Did I Get This Notice Package?**

8.      This Notice is being sent to you pursuant to an Order of the United States District Court for the Southern District of New York (the "Court") because you or someone in your family may have purchased or acquired the publicly traded securities of WATG between March 30, 2009 and May 6, 2011, inclusive.  The Court ordered that this Notice be sent to you because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the Settlement. If the Court approves it, and after any objections or appeals are resolved, the Claims Administrator appointed by the Court will make the payments that the Settlement allows.  This package explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

9.      The Court in charge of the case is the United States District Court for the Southern District of New York, and the case is known as *In re Wonder Auto Technology, Inc. Securities Litigation*, Case No. 11-cv-03687-PAE. The person who sued is called the Lead Plaintiff, and the companies and the individuals it sued — WATG, Qingjie Zhao, and Meirong Yuan — are called the Defendants.  The Lead Plaintiff and WATG have agreed to settle the claims made in this case.  If the Settlement is approved, it will resolve all claims in the Action by Lead Plaintiff and Settlement Class Members against WATG and all Released Parties and will bring the Action to an end.

10.      This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.  The purpose of this Notice is to inform you of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to do so.  It also is being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the proposed Settlement, the proposed Plan of Allocation, and the motion by Lead Counsel for an award of attorneys' fees and reimbursement of litigation expenses (the "Settlement Hearing").

11.      The Settlement Hearing will be held on _____, 2013 at _____ __.m., before the Honorable Paul A. Engelmayer, in Courtroom 18C of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York, 10007 to determine:

(a)      whether the proposed Settlement is fair, reasonable, and adequate and should be approved by the Court;

(b)      whether the Released Claims against WATG and the other Released Parties should be dismissed with prejudice as set forth in the Stipulation;

(c)      whether the proposed Plan of Allocation is fair and reasonable and should be approved by the Court; and

(d)      whether Lead Counsel's request for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved by the Court.

12.     This Notice does not express any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement, payments to Authorized Claimants will be made after any appeals are resolved, and after the completion of all claims processing.  Please be patient.

**What Is This Lawsuit About?**

13.     This case was brought as a class action alleging that between March 30, 2009 and May 6, 2011, inclusive, the Defendants made certain materially false and misleading statements about WATG's financial results, internal controls, and inventory accounting. Defendants have denied and continue to deny that they did anything wrong.

**Why Is This A Class Action?**

14.      In a class action lawsuit, the Court selects one or more people, known as class representatives, to sue on behalf of all people with similar claims, commonly known as the class or the class members.  In this Action, the Court has appointed aAd Partners LP to serve as Lead Plaintiff under a federal law governing lawsuits such as this one, and has approved Lead Plaintiffs' selection of the law firm of Gold Bennett Cera & Sidener LLP to serve as Lead Counsel in the Action.  The Honorable Paul A. Engelmayer is in charge of this class action.  A class action is a type of lawsuit in which the claims of a number of individuals are resolved together, thus providing the class members with both consistency and efficiency.  Once the class is certified, the Court must resolve all issues on behalf of the class members, except for any persons who choose to exclude themselves from the class.  (For more information on excluding yourself from the Class, please read "EXCLUDING YOURSELF FROM THE SETTLEMENT," on pages 15-16 below.)

**Why Is There a Settlement?**

15.     The Court did not decide in favor of the Lead Plaintiff or WATG. Instead, both sides agreed to a settlement after participating in a voluntary mediation.  That way, they avoid the cost and uncertainty of continued litigation, including a possible trial, and eligible Settlement Class Members who make valid claims will receive compensation. The Lead Plaintiff and its attorneys think the Settlement is best for all Settlement Class Members.

## WHO IS IN THE SETTLEMENT?

16.     To see if you will get money from this Settlement, you first have to determine if you are a Settlement Class Member.

7

**How Do I Know if I Am Part of the Settlement?**

17.     The Settlement Class includes ***all persons who purchased or otherwise acquired publicly traded securities of WATG between March 30, 2009 and May 6, 2011, inclusive***, except those persons and entities that are excluded, as described below.

**What Are the Exceptions to Being Included?**

18.     You are not a Settlement Class Member if you are:

- •     a Defendant;
- •     a director or officer of WATG during the Settlement Class Period;
- •     a member of the immediate family of any excluded party;
- •     an entity in which any excluded person has or had a controlling interest; or
- •     a legal representative, heir, successor, or assign of any excluded party.

If you sold WATG securities between March 30, 2009 and May 6, 2011, inclusive, that alone does not make you a Settlement Class Member. You are a Settlement Class Member only if you purchased or acquired WATG securities between March 30, 2009 and May 6, 2011. You are also not a Settlement Class Member if you timely and validly exclude yourself from the Settlement Class pursuant to this Notice.

PLEASE NOTE:  RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.  IF YOU ARE A SETTLEMENT CLASS MEMBER AND YOU WISH TO BE ELIGIBILE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT THE PROOF OF CLAIM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN POSTMARKED NO LATER THAN _____, 2013.

**I'm Still Not Sure if I Am Included in the Settlement Class**

19.     If you are still not sure whether you are included, you can ask for free help. You can call (877) 283-1773 for more information or you can fill out and return the Proof of Claim described in question 10, to see if you qualify.

**What if I Bought Shares on Someone Else's Behalf?**

20.     If you purchased or otherwise acquired WATG securities during the period from March 30, 2009 through and including May 6, 2011 for the beneficial interest of a person or entity other than yourself, you must either (a) within seven (7) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice and Proof of Claim (the "Notice Packet") to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven

8

(7) calendar days of receipt of this Notice, provide a list of the names and addresses of all such beneficial owners to *In re Wonder Auto Technology, Inc., Securities Litigation*, c/o Gilardi & Co. LLC, P.O. Box 5100, San Rafael, CA 94912-5100.  If you choose the second option, the Claims Administrator will send a copy of the Notice and the Proof of Claim to the beneficial owners. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Copies of this Notice and the Proof of Claim may also be obtained from website maintained by the Claims Administrator, www.gilardi.com/WonderAuto, or by calling the Claims Administrator toll-free at 1-877-283-1773.

## THE SETTLEMENT BENEFITS — WHAT YOU GET

**What Does the Settlement Provide?**

21.    WATG has agreed to settle this case for three million dollars U.S. ($3,000,000) in cash. The balance of the Settlement Fund, after payment of Court-approved attorneys' fees and expenses, the costs of claims administration, including the costs of printing and mailing this Notice and the cost of publishing newspaper notice, all federal, state and local taxes on any income earned by the Settlement Fund and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants) (the "Net Settlement Fund"), will be divided among all eligible Settlement Class Members who send in a valid Proof of Claim.

**How Much Will My Payment Be?**

22.    At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.  Your share of the Net Settlement Fund will depend on the number of valid Proof of Claim forms that Settlement Class Members send in and the number and type of WATG securities you purchased during the relevant period and when you bought and sold them. A claim will be calculated, subject to Court approval, under the following Plan of Allocation.

23.    Pursuant to the Settlement, WATG has agreed to pay or cause to be paid three million dollars U.S. ($3,000,000) in cash (the "Settlement Amount").  The Settlement Amount will be deposited into an interest-bearing escrow account.  The Settlement Amount plus all interest earned thereon is referred to as the "Settlement Fund."  If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (a) all federal, state and local taxes on any income earned by the Settlement Fund and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); (b) the costs and expenses incurred in connection with providing Notice to Class Members and administering the Settlement on behalf of Class Members; and (c) any attorneys' fees and Litigation Expenses awarded by the Court) will be distributed to Class Members as set forth in the proposed plan of allocation (the "Plan of Allocation") or such other plan as the Court may

approve.

24.      The Net Settlement Fund will not be distributed until the Court has approved a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

25.      Upon the Effective Date, no part of the Settlement Fund shall revert back to WATG or its insurers.  WATG shall not have any liability, obligation or responsibility for the administration of the Settlement or disbursement of the Net Settlement Fund or the Plan of Allocation.

26.      Approval of the Settlement is independent from approval of the plan of allocation. Any determination with respect to the Plan of Allocation will not affect the Settlement, if approved.

27.      Only Settlement Class Members (i.e., persons and entities who purchased or otherwise acquired WATG securities from March 30, 2009 through and including May 6, 2011 AND WERE DAMAGED AS A RESULT OF SUCH PURCHASES OR ACQUISITIONS), will be eligible to share in the distribution of the Net Settlement Fund.  Each person or entity wishing to participate in the distribution must timely submit a valid Proof of Claim establishing membership in the Settlement Class, and including all required documentation, postmarked on or before _____, 2013 to the address set forth in the Proof of Claim that accompanies this Notice.

28.      Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Proof of Claim postmarked on or before _____, 2013 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Final Judgment entered and the releases given.  This means that each Settlement Class Member releases the Released Claims (as defined in ¶73 below) against the Released Parties (as defined in ¶74 below) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Claims against any of the Released Parties regardless of whether or not such Class Member submits a Proof of Claim.

29.      Information Required on the Proof of Claim:  Among other things, each Proof of Claim must state and provide sufficient documentation for the Claimant's opening and closing positions in WATG securities on the dates specified in the Proof of Claim and all transactions in WATG securities during the periods specified in the Proof of Claim.

30.      The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

31.      Each Claimant shall be deemed to have submitted to the jurisdiction of the United States District Court for the Southern District of New York with respect to his, her or its Proof of Claim.

32.     Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class will not be eligible to receive a distribution from the Net Settlement Fund and should not submit a Proof of Claim.

## PROPOSED PLAN OF ALLOCATION

33.     The objective of the Plan of Allocation is to distribute equitably the settlement proceeds to those Settlement Class Members who suffered economic losses as a proximate result of the conduct alleged in the Action.  In developing the Plan of Allocation, Lead Plaintiff's damages expert calculated the amount of estimated alleged artificial inflation in WATG securities which purportedly was proximately caused by the conduct alleged.  In calculating the estimated alleged artificial inflation, Lead Plaintiff's damages expert considered price changes of WATG securities in reaction to certain public announcements regarding WATG and the allegations in the Complaint, as advised by Lead Counsel.

34.     The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial.  Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making pro rata allocations of the Net Settlement Fund.

35.     The Plan of Allocation generally measures the amount of Recognized Loss that a Settlement Class Member can claim for purposes of making *pro rata* allocations of the cash in the Net Settlement Fund to Authorized Claimants.  The Plan of Allocation is not a formal damage analysis.  Recognized Loss Amounts are based primarily on the change during the Settlement Class Period in the level of alleged artificial inflation in the price of WATG securities at the time of purchase or acquisition and at the time of sale.  In this case, Lead Plaintiff alleges that Defendants made false statements and omitted material facts between March 30, 2009 through and including May 6, 2011, which had the effect of artificially inflating the prices of WATG securities.

36.     Payment pursuant to the Plan of Allocation, or such other plan as may be approved by the Court, shall be conclusive against all Authorized Claimants.  No Person shall have any claim against Lead Plaintiff, Lead Counsel, any claims administrator, the Escrow Agents, or any agent designated by Lead Counsel, any agent designated by WATG, any Defendants or Released Parties, WATG's counsel, or their respective counsel, based on the investment or distributions made substantially in accordance with the Stipulation and the Settlement contained herein, the Plan of Allocation, or further orders of the Court. Lead Plaintiff, Lead Counsel, and the Defendants and the other Released Parties shall have no responsibility for, or liability whatsoever with respect to, the Settlement Fund, the Escrow Agent, the claims administrator, the Escrow Agent's actions, any transaction executed or approved by the Escrow Agent, or the Escrow Agent's administration or disbursement of the Settlement Fund. All Settlement Class Members who have failed to file a complete, valid and timely Proof of Claim in

11

this Settlement shall be barred from participating in distributions from the Net Settlement Fund (unless otherwise ordered by the Court), but otherwise shall be bound by all of the terms of the Settlement and Stipulation, including the terms of the Class Judgment entered and the releases given.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

37.    The calculation of Recognized Loss Amounts for WATG securities is based on the following price decline:

> May 6, 2011 closing price:   $5.42
> September 16, 2011 closing price:   $1.47

38.    For shares of WATG securities that were purchased from March 30, 2009 through May 6, 2011, and

a)    sold prior to May 7, 2011, the claim per share is $0;

b)    sold from May 7, 2011 through September 16, 2011, the claim per share is the lesser of (i) $3.95 per share, or (ii) the difference between the purchase price per share and the sales price per share.

c)    retained at the end of September 16, 2011,  the claim per share is the lesser of (i) $3.95 per share, or (ii) the difference between the purchase price per share and $1.47 per share (9/16/2011 closing price).

## ADDITIONAL PROVISIONS

39.    The Net Settlement Fund will be allocated among all Authorized Claimants whose prorated payment is twenty dollars U.S. ($20.00) or greater.   If the Settlement is approved, the Net Settlement Fund will be the total Settlement Amount plus interest thereon, less any Taxes and Tax Expenses, Notice and Administration Costs, and less any attorneys' fees and litigation expenses awarded by the Court.

40.    Each Authorized Claimant's Recognized Claim shall be the total of his, her or its Recognized Loss Amounts.  Each Authorized Claimant shall recover his, her, or its Recognized Claim.  If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, however, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund.  The *pro rata* share shall be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

41.     If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund shall be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

42.     If the prorated payment to any Authorized Claimant calculates to less than $20.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

43.     For Settlement Class Members who held WATG securities at the beginning of the Settlement Class Period or made multiple purchases or sales during the Settlement Class Period, the first-in, first-out ("FIFO") method will be applied to such holdings, purchases, and sales for purposes of calculating a claim. Under the FIFO method, sales of securities during the Settlement Class Period will be matched, in chronological order, first against securities held at the beginning of the Settlement Class Period. The remaining sales of securities during the Settlement Class Period will then be matched, in chronological order, against securities purchased during the Settlement Class Period.

44.     The date of purchase, acquisition, or sale is the "contract" or "trade" date as distinguished from the "settlement" or "payment" date.  The receipt or grant by gift, inheritance or operation of law of WATG securities during the Settlement Class Period shall not be deemed a purchase, acquisition or sale of these shares of WATG securities for the calculation of an Authorized Claimant's Recognized Claim nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of WATG securities unless (i) the donor or decedent purchased or otherwise acquired such WATG securities during the Settlement Class Period; (ii) no Proof of Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such WATG securities; and (iii) it is specifically so provided in the instrument of gift or assignment.

45.     The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the WATG securities.  The date of a "short sale" is deemed to be the date of sale of the WATG securities.  In accordance with the Plan of Allocation, however, the Recognized Loss on "short sales" is zero.  In the event that a Claimant had a short position in a WATG security prior to the opening of trading on the first day of the Settlement Class Period, the earliest purchases of that WATG security shall be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

46.     WATG publicly traded securities—that is, common stock—is the only security eligible for recovery under the Plan of Allocation.  Option contracts are not eligible to participate in the Settlement.  With respect to WATG securities purchased or sold through the exercise of an option, the purchase/sale date of the WATG securities is the exercise date of the option and the purchase/sale price is the exercise price of the option.

47.     To the extent a Claimant had a market gain with respect to his, her, or its overall transactions in WATG securities during the Settlement Class Period, the value of his, her or its

13

Recognized Claim will be zero.  Such Claimants will in any event be bound by the Settlement. To the extent that a Claimant suffered an overall market loss with respect to his, her, or its overall transactions in WATG securities during the Settlement Class Period, but that market loss was less than the total Recognized Claim calculated above, then the Claimant's Recognized Claim shall be limited to the amount of the actual market loss.

48.     For purposes of determining whether a Claimant had a market gain with respect to his, her, or its overall transactions in WATG securities during the Settlement Class Period or suffered a market loss, the Claims Administrator shall determine the difference between (i) the Total Purchase Amount[2] and (ii) the sum of the Sales Proceeds[3] and the Holding Value.[4]  This difference will be deemed a Claimant's market gain or loss with respect to his, her, or its overall transactions in WATG securities during the Settlement Class Period.

49.     If any funds remain in the Net Settlement Fund because of uncashed distributions or other reasons, then, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants cash their distribution checks, any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be redistributed to Authorized Claimants who have cashed their initial distribution and who would receive at least $20.00 from such redistribution, after payment of any unpaid costs or fees incurred in administering the funds, including for such redistribution.  Additional redistributions to Authorized Claimants who have cashed their prior distribution checks and who would receive at least $20.00 on such additional redistributions, subject to the conditions previously noted, may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional redistribution, after the deduction of any additional fees and expenses that would be incurred with respect to such redistributions, would be cost-effective.  At such time as it is determined that the redistribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance of the Net Settlement Fund shall be contributed, subject to Court approval, to non-sectarian, not-for-profit 501(c)(3) organizations recommended by Lead Counsel and approved by the Court.

50.     The Plan of Allocation set forth herein is the plan that is being proposed by Lead Plaintiff and Lead Counsel to the Court for approval.  The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Settlement Class.

---

[2] The "Total Purchase Amount" is the total the amount the Claimant paid (excluding commissions and other charges) for all WATG securities purchased or acquired during the Settlement Class Period.

[3] The "Sales Proceeds" is the total amount received for sales of WATG securities sold during the Settlement Class Period.

[4] The Claims Administrator shall ascribe a value of $5.42 per share of WATG securities purchased or acquired from March 30, 2009 through and including May 6, 2011 and still held as of the close of business on May 6, 2011 (the "Holding Value").

Any orders regarding a modification of the Plan of Allocation will be posted to the settlement website, www.gilardi.com/WonderAuto.

## HOW YOU GET A PAYMENT — SUBMITTING A PROOF OF CLAIM

**How Will I Get a Payment?**

51.     To be eligible for payment from the proceeds of the Settlement, you must be a Settlement Class Member and you must send in a timely and valid Proof of Claim with adequate supporting documentation. A Proof of Claim form is enclosed with this Notice. You may also obtain one from the website maintained by the Claims Administrator for the Settlement, www.gilardi.com/WonderAuto, or you may request that a Proof of Claim be mailed to you by calling the Claims Administrator toll free at 1-877-283-1773.  Read the instructions carefully, fill out the form, include all the documents the form asks for, sign it, and mail it in the enclosed envelope postmarked *no later than _____, 2013*.  If you request exclusion from the Settlement Class or do not submit a timely and valid Proof of Claim, you will not be eligible to share in the Net Settlement Fund.  Please retain all records of your ownership of and transactions in WATG securities, as they may be needed to document your Claim.

52.     The Court will hold a hearing on _____, 2013 to decide whether to approve the Settlement. If Judge Engelmayer approves the Settlement, there may be appeals. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps several years. Everyone who sends in a Proof of Claim will be informed of the determination with respect to their claim. Please be patient.

**What Am I Giving Up to Get a Payment or Stay in the Settlement Class?**

53.     Unless you timely and validly exclude yourself, you are staying in the Settlement Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against WATG (or other Released Parties) about the Released Claims in this case. It also means that all of the Court's orders will apply to you and legally bind you and you will release your claims in this case against the Defendants and the other Released Parties. The terms of the release are included in the Proof of Claim that is enclosed.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

54.     If you do not want a payment from this Settlement, but you want to keep the right to sue or continue to sue WATG (or other Released Parties) on your own about the Released Claims in this case, then you must take steps to get out of the Settlement Class. This is called excluding yourself or is sometimes referred to as opting out of the Settlement Class.

**How Do I Get Out of the Settlement Class?**

55.     To exclude yourself from the Settlement Class, you must deliver or send a letter by mail stating in writing that you want to be excluded from *In re Wonder Auto Technology, Inc.*

15

*Securities Litigation*, Case 11-cv-03687-PAE. Each Request for Exclusion must (a) state the name, address and telephone number of the person or entity requesting exclusion; (b) state that such person or entity "requests exclusion from the Settlement Class in *In re Wonder Auto Technology, Inc. Securities Litigation*, Case 11-cv-03687-PAE; (c) state the number of shares of WATG securities that the person or entity requesting exclusion purchased/acquired and/or sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale, or include brokerage statements that reflect the number of shares of WATG securities that the person or entity requesting exclusion purchased/acquired and/or sold during the Settlement Class Period and the dates and prices of each such purchase/acquisition and sale; and (d) be signed by the person or entity requesting exclusion or an authorized representative. A Request for Exclusion shall not be effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

You must mail your exclusion request postmarked no later than _____, 2013 to:

*In re Wonder Auto Technology, Inc., Securities Litigation* – EXCLUSIONS
c/o Gilardi & Co. LLC,
P.O. Box 5100, San Rafael, CA 94912-5100

56.    If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Claim against any of the Released Parties.

57.    You cannot exclude yourself on the phone or by e-mail. If you ask to be excluded, you are not eligible to get any settlement payment, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit.

**If I Do Not Exclude Myself, Can I Sue the Defendants for the Same Thing Later?**

58.    No. Unless you exclude yourself, you give up any right to sue WATG (and other Released Parties) for the Released Claims in this Settlement. If you have a pending lawsuit against WATG (or other Released Parties), speak to your lawyer in that case immediately. Remember, the deadline to request exclusion from the Settlement Class is _____, 2013.

**If I Exclude Myself, Can I Get Money from This Settlement?**

59.    No. If you exclude yourself, do not send in a Proof of Claim. But, if you exclude yourself, you may be able to sue, continue to sue, or be part of a different lawsuit involving the Released Claims against WATG (or other Released Parties).

| THE LAWYERS REPRESENTING YOU |
|---|

**Do I Have a Lawyer in This Case?**

60.     The Court approved the selection of the law firm of Gold Bennett Cera & Sidener LLP to represent you and other Settlement Class Members.   These lawyers, who have been appointed by the Court to represent the Settlement Class, are also referred to as Lead Counsel. You will not be directly charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.  If you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her notice of appearance on the attorneys listed in ¶64 below.

**How Will the Lawyers Be Paid?**

61.     Lead Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Settlement Class, nor have Lead Counsel been reimbursed for their out-of-pocket expenses.   Before final approval of the Settlement, Lead Counsel will ask the Court for attorneys' fees of 16.66% of the Settlement Fund. At the same time, Lead Counsel also intends to apply for the reimbursement of litigation expenses not to exceed one hundred thousand dollars U.S. ($100,000), which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiff directly related to its representation of the Settlement Class.  The Court will determine the amount of any award of attorneys' fees or reimbursement of litigation expenses.  These amounts will be requested before distribution of the Net Settlement Fund to the Settlement Class Members.  Such sums as may be approved by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

| OBJECTING TO THE SETTLEMENT, PLAN OF ALLOCATION AND REQUEST FOR ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES |
|---|

62.     You can tell the Court that you do not agree with the Settlement or some part of it.

**How Do I Tell the Court that I Do Not Like the Class Action Settlement, the Plan of Allocation or the Request for Attorneys' Fees and/or Reimbursement of Expenses?**

63.     Any Settlement Class Member who does not request exclusion may object to the proposed settlement with the Defendants, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses.  To object, you must send a letter in writing saying that you object to the Settlement in *In re Wonder Auto Technology, Inc. Securities Litigation*, Case No. 11-cv-03687-PAE. Be sure to include your name, address, telephone number, signature, whether you intend to appear to be heard at the Settlement Hearing, the documents sufficient to prove the number and type of WATG securities acquired or purchased and sold between March 30, 2009 and May 6, 2011, inclusive, the dates of such purchases, acquisitions, and any sales, the exchange upon which the securities were purchased, acquired or sold, and the price(s) paid and received, and all reasons you object to the

Settlement, Plan of Allocation and/or Lead Counsel's request for an award of attorneys' fees and reimbursement of litigation expenses. You may file a written objection without having to appear at the Settlement Hearing.  You may not, however, appear at the Settlement Hearing to present your objection unless you first filed and served a written objection in accordance with the procedures described above, unless the Court orders otherwise.

64.    You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Southern District of New York at the address set forth below so that the papers are *received* on or before _____, 2013.  You must also serve the papers on Lead Counsel for the Settlement Class and Defendants' Counsel at the addresses set forth below so that the papers are *received* on or before _____, 2013.

**Clerk's Office:**
Clerk of the Court
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

**Lead Counsel for the Settlement Class:**
Solomon B. Cera
Thomas C. Bright
GOLD BENNETT CERA & SIDENER LLP
595 Market Street, Suite 2300
San Francisco, California 94105

**Counsel for Defendants:**
Paul T. Friedman
Anna Erickson White
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105

**May I Speak at the Hearing?**

65.    You may ask the Court for permission to speak at the fairness hearing. To do so, you must send a letter saying that it is your intention to appear in *In re Wonder Auto Technology, Inc. Securities Litigation*, Case No. 11-cv-03687-PAE. Be sure to include your name, address, telephone number, signature, the number and type of WATG securities acquired or purchased and sold between March 30, 2009 and May 6, 2011, inclusive, the dates of such purchases, acquisitions, and any sales, the exchange upon which the securities were purchased, acquired or sold, and the price(s) paid and received, the reasons you object to the Settlement, and the identities of any witnesses that you intend to call to testify, and any exhibits that you intend to

introduce into evidence at the Settlement Hearing. Your notice of intention to appear must be *received* no later than _____, 2013, by the Clerk of the Court, Lead Counsel, and Defendants' counsel, at the three addresses listed above. Note that you cannot speak at the hearing if you exclude yourself from the Settlement Class.

66.    You are not required but are free to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  If you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel so that the notice is *received* on or before _____, 2013.

67.    The Settlement Hearing may be adjourned by the Court without further written notice to the Settlement Class.  If you intend to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

**What's the Difference Between Objecting and Excluding?**

68.    Objecting is simply telling the Court that you do not like something about the Settlement. You can object only if you stay in the Settlement Class.  Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

**Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and reimbursement of expenses.  Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.**

## THE COURT'S FAIRNESS HEARING

69.    The Court will hold a hearing to decide whether to approve the Settlement. You may attend and you may file an appearance so that you may speak, but you do not have to.

**When and Where Will the Court Decide Whether to Approve the Settlement?**

70.    The Court will hold a fairness hearing on _____, 2013 at _____ __.m., at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, Courtroom 18C, New York, New York, 10007 before the Honorable Paul A. Engelmayer. At this hearing the Court will consider whether the Settlement is fair, reasonable, and adequate. In particular, the court will determine:

(a)    whether the proposed Settlement is fair, reasonable, and adequate and should be approved by the Court;

(b)    whether the Released Claims against WATG and the other Released Parties should be dismissed with prejudice as set forth in the Stipulation;

(c)  whether the proposed Plan of Allocation is fair and reasonable and should be approved by the Court; and

(d)  whether Lead Counsel's request for an award of attorneys' fees and reimbursement of litigation expenses should be approved by the Court.

If there are objections, the Court will consider them. Judge Engelmayer will listen to people who have asked to speak at the hearing. The Court will also consider how much to pay to Lead Counsel. The Court may decide these issues at the hearing or take them under consideration. We do not know how long these decisions will take.

## Do I Have to Come to the Hearing?

71.  No. Settlement Class Members do not need to attend the Settlement Hearing. Lead Counsel will answer any questions Judge Engelmayer may have. But, you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

## IF YOU DO NOTHING

## What Happens if I Do Nothing at All?

72.  If you do nothing, you will get no money from this Settlement. But, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against WATG (or other Released Parties) about the Released Claims in this case. If the proposed Settlement is approved and becomes Final and no longer appealable, any Settlement Class Member who does not exclude himself, herself or itself from the Settlement Class will be bound by the Class Judgment entered in the Action and the releases and bar orders provided therein.

73.  "Released Claims" means all claims (including without limitation Unknown Claims, as defined below) demands, rights, liabilities, suits, debts, obligations, and causes of action of every nature and description whatsoever, whether known or unknown, contingent or absolute, mature or unmature, discoverable or undiscoverable, liquidated or unliquidated, accrued or unaccrued, concealed or hidden, regardless of legal theory, including, without limitation, claims for negligence, gross negligence, recklessness, intentional wrongdoing, fraud, breach of fiduciary duty, breach of the duty of care and/or loyalty or violations of the common law, administrative rule or regulation, tort, contract, equity, or otherwise or of any state or federal statutes, rules or regulations or international law, or the law of any foreign jurisdiction, that were asserted, or could have been asserted, or might have been asserted, in the Action or in any other litigation, action, or forum by Lead Plaintiff or the Settlement Class Members, or any of them, against the Released Parties, or any of them, which arise out of or relate in any way, directly or indirectly, in whole or in part, to (a) the purchase or acquisition of WATG securities during the Settlement Class Period; (b) any allegations or statements in the Complaint; or (c) WATG's defense or settlement of the Action, provided, however, Released Claims do not include any

action taken to enforce the terms of this Settlement against WATG, and do not include any of the derivative claims asserted in *In re Wonder Auto Technology, Inc. Deriv. Litig.*, 11-0C00193 1B (Carson City Super. Ct.); and *In re Wonder Auto Technology, Inc., Deriv. Litig.*, 11-cv-1022 (D. Nev.).

74.     "Released Parties" means each and all of the Defendants, and each and all of WATG's respective past, present, or future parents, subsidiaries, affiliates, successors, predecessors, assigns, any entity in which WATG has or had a controlling interest (directly or indirectly), current and former officers, directors, and employees of WATG and any affiliated entities, members of any Individual Defendant's immediate family, any entity in which any member of any Individual Defendant's immediate family has or had a controlling interest (directly or indirectly), and any trust of which any Individual Defendant is the settler or which is for the benefit of any Individual Defendant and/or member(s) of his family, and each and all of their respective past, present, or future accountants, administrators, advisors, affiliates, agents, analysts, assignees, assigns, associates, attorneys, co-insurers, commercial bank lenders, consultants, controlling shareholders, directors, divisions, domestic partners, employees, employers, executors, financial advisors, general or limited partners, general or limited partnerships, heirs, insurers, investment advisors, investment bankers, investment banks, joint ventures and joint venturers, managers, marital communities, members, officers, parents, personal or legal representatives, predecessors, principals, reinsurers, representatives, shareholders, current and former spouses, subsidiaries, successors, and underwriters.

75.     "Unknown Claims" means any and all Released Claims which Lead Plaintiff or any other Settlement Class Member, does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, which, if known by him, her or it, might have affected his, her or its settlement with, and release of, the Released Parties, or might have affected his, her or its decision not to object to this Settlement. Unknown Claims include those claims in which some or all of the facts composing the claim may be suspected, or even undisclosed or hidden. With respect to any and all Released Claims, upon the Effective Date, Lead Plaintiff shall expressly waive and relinquish, and each Settlement Class Member, shall be deemed to have, and by operation of the Class Judgment shall have, waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of California Civil Code §1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Upon the Effective Date, Lead Plaintiff shall expressly waive and relinquish, and each Settlement Class Member, shall be deemed to have, and by operation of the Class Judgment shall have, waived and relinquished, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by the law of the United States, any law of any state or territory of the United States, or principle of common law, or of international law or foreign law, which is

similar, comparable or equivalent in effect to California Civil Code §1542. It is understood that Lead Plaintiff and each Settlement Class Member may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims (including the Unknown Claims), but Lead Plaintiff and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Class Judgment shall have, fully, finally, and forever discharged, settled, and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, grossly negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiff acknowledges, and the other Settlement Class Members shall be deemed by operation of the Class Judgment to have acknowledged, that the foregoing waivers were separately bargained for and are key elements of the Settlement of which this release is a part.

76.     Upon the Effective Date, Lead Plaintiff and each of the Settlement Class Members for themselves and for each of their respective past and present affiliates, agents, assignees, assigns, associates, attorneys, controlling shareholders, directors, divisions, domestic partners, executors, general or limited partners, general or limited partnerships, heirs, marital communities, members, officers, parents, personal or legal representatives, predecessors, principals, representatives, shareholders, spouses, subsidiaries, successors, and any other Person claiming (now or in the future) through or on behalf of any of them (whether or not such Settlement Class Member ever seeks or obtains by any means, including without limitation, by submitting a Proof of Claim, any distribution from the Settlement Fund) shall be deemed to have, and by operation of the Class Judgment entered in the Action shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims (including Unknown Claims) against each and all of the Released Parties, and shall have covenanted not to sue any of the Released Parties with respect to all such Released Claims, except to enforce the releases and other terms and conditions contained in the Stipulation or the Class Judgment entered pursuant thereto.

77.     Upon the Effective Date, Lead Plaintiff and each of the Settlement Class Members for themselves and for each of their respective past and present affiliates, agents, assignees, assigns, associates, attorneys, controlling shareholders, directors, divisions, domestic partners, executors, general or limited partners, general or limited partnerships, heirs, marital communities, members, officers, parents, personal or legal representatives, predecessors, principals, representatives, shareholders, spouses, subsidiaries, successors, and any other Person claiming (now or in the future) through or on behalf of any of them, directly or indirectly, individually, representatively, or in any other capacity (whether or not such Settlement Class Member executes and delivers a Proof of Claim) shall be forever permanently barred, enjoined, and restrained from commencing, instituting, asserting, maintaining, enforcing, prosecuting, or continuing to prosecute, either directly or in any other capacity, any Released Claim (including any Unknown Claim) against any of the Released Parties, in the Action or in any other action or

any proceeding, in any state, federal, or foreign court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, or in the court of any foreign jurisdiction.

78.     Upon the Effective Date, WATG shall be deemed to have, and by operation of the Class Judgment entered in the Action, shall have, fully, finally, and forever released, relinquished, and discharged each and all of the Settlement Class Members and Lead Plaintiff, including their respective successors, assigns, heirs, domestic partners, spouses, marital communities, executors, administrators, attorneys and legal representatives, from all claims, including unknown claims, arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Action, except to enforce the releases and other terms and conditions contained in the Stipulation or any Court order (including but not limited to the Class Judgment) entered pursuant thereto.

79.     The Class Judgment in the Action will contain a Bar Order as required by section 21 D(f)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(f)(7) that shall permanently and forever bar all Persons from filing, instituting, prosecuting, or maintaining, directly or indirectly, in any capacity, any claims under state, federal, or common law for contribution against WATG, whether based in tort, contract, or any other theory, arising from, based upon, or related to the Released Claims, the Action, or the subject matters of the Action.

## GETTING MORE INFORMATION

**Are There More Details About the Settlement?**

80.     This Notice summarizes the proposed Settlement. For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York, 10007. Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, www.gilardi.com/WonderAuto.   All inquiries concerning this Notice or the Proof of Claim should be directed to:

In re Wonder Auto Technology Inc., Securities Litigation
c/o Gilardi & Co. LLC
P.O. Box 5100
San Rafael, CA 94912-5100
1-877-283-1773
www.gilardi.com/WonderAuto

OR

Solomon B. Cera, Esq.
Thomas C. Bright, Esq.
GOLD BENNETT CERA & SIDENER LLP
595 Market Street
San Francisco, CA 94104
1-800-778-1822
scera@gbcslaw.com
tbright@gbcslaw.com

***DO NOT TELEPHONE OR WRITE THE COURT REGARDING THIS NOTICE***

**SO ORDERED.**

DATED: _____        _____

                                      BY ORDER OF THE COURT
                                        UNITED STATES DISTRICT COURT
                                        SOUTHERN DISTRICT OF NEW YORK