# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE WONDER AUTO TECHNOLOGY, INC. SECURITIES LITIGATION | No. 11-CV-03687-PAE<br><br>ECF CASE |
| This Document Relates To:  All Actions | |

**FINAL JUDGMENT AND ORDER APPROVING CLASS ACTION SETTLEMENT**

    This matter came before the Court for hearing pursuant to the Order Preliminarily Approving Settlement and Providing for Notice, entered by this Court on _____, 2013 (the "Preliminary Approval Order"), on the application of the Lead Plaintiff and defendant Wonder Auto Technology, Inc. ("WATG") for approval of the proposed Settlement set forth in the Stipulation and Agreement of Class Settlement dated as of January 9, 2013 (the "Stipulation"). Due and adequate notice was given of the Settlement, and the Court, having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore,

    IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

    1.    **Defined Terms**: This Class Judgment incorporates by reference the definitions in

1

the Stipulation, and all terms used herein shall have the same meanings set forth in the Stipulation.

2. **Jurisdiction**: This Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all Parties to the Action, including each Member of the Settlement Class.

3. **Class Certification for Settlement Purposes**: Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court hereby certifies, solely for purposes of this Settlement, a Settlement Class of all Persons who purchased or otherwise acquired publicly-traded securities of WATG between March 30, 2009 and May 6, 2011, inclusive (the "Settlement Class Period"). Excluded from the Settlement Class are Defendants, their officers and directors during the Settlement Class Period, the members of their immediate families, and their respective representatives, heirs, successors, and assigns, as well as any entity in which Defendants have or had a controlling interest. Also excluded from the Settlement Class are those Persons who otherwise satisfy the above requirements for membership in the Settlement Class, but who timely and validly requested exclusion from the Settlement Class.

4. The Court finds, solely for the purposes of this Settlement, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the Members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the Lead Plaintiff are typical of the claims of the Settlement Class; (d) the Lead Plaintiff and Lead Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Settlement Class in individually controlling the prosecution of separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Settlement Class; (iii) the desirability or undesirability of continuing the litigation of these claims

in this particular forum; and (iv) the difficulties likely to be encountered in the management of the Action.

5. **Adequacy of Representation**: Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and solely for purposes of the Settlement, the Court hereby affirms its determinations in the Preliminary Approval Order certifying Lead Plaintiff aAd Partners, LP as class representative for the Settlement Class and appointing Lead Counsel as Settlement Counsel for the Settlement Class. The Court finds, solely for the purposes of this Settlement, that the claims of Lead Plaintiff are typical of the claims of the Settlement Class, and that the Lead Plaintiff and Lead Counsel have fully and adequately represented the Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

6. **Notice**: The Court hereby finds that notice of the pendency of this Action as a class action and of the proposed Settlement was given to all Settlement Class Members who could be identified with reasonable effort. The notification provided for and given to the Settlement Class was in compliance with the Preliminary Approval Order, constituted the best notice practicable under the circumstances, fully satisfied the requirements of Federal Rule of Civil Procedure 23, Section 21 D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, the requirements of due process, and any other applicable law.

7. Pursuant to and in compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds that due and adequate notice of these proceedings was directed to the Settlement Class Members, advising them of the Settlement, the Plan of Allocation, and Lead Counsel's intent to apply for an award of attorneys' fees and reimbursement of expenses, and of their right to object thereto, and a full and fair opportunity was accorded to the Settlement Class Members to be heard with respect to the foregoing matters. Thus, it is hereby determined that all Settlement Class Members who did not timely and properly elect to exclude themselves

by written communication postmarked or otherwise delivered on or before the date set forth in the Notice and the Preliminary Approval Order, are bound by this Class Judgment.

8. **Final Settlement and Approval and Dismissal of Claims**: Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, this Court hereby finds that: (a) the Settlement is, in all respects, fair, reasonable, and adequate, and in the best interests of the Settlement Class; (b) the Settlement is the product of good-faith, informed, arm's-length negotiations between competent, experienced counsel representing the interests of the respective Settling Parties; (c) there was no collusion in connection with the Stipulation; and (d) the record is sufficiently developed and complete to have enabled Lead Plaintiff and WATG to have adequately evaluated and considered their positions. Accordingly, the Court hereby finally approves the Settlement set forth in the Stipulation in all respects and authorizes and directs the Settling Parties to consummate the Settlement in accordance with the terms and provisions of the Stipulation and of this Class Judgment.

9. The Action and all claims contained therein at any time, including, but not limited to, all of the Released Claims (including Unknown Claims), are dismissed in their entirety with prejudice as against each and all of the Released Parties, except as to any individual claim of those Persons who otherwise satisfy the above requirements for membership in the Settlement Class, but who have validly and timely requested exclusion from the Settlement Class. The parties are to bear their own costs, except as otherwise provided in the Stipulation.

10. **Binding Effect:** The terms of the Stipulation and of this Judgment shall be forever binding on WATG, Lead Plaintiff, and all Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form).

11. **Releases:** The releases set forth in paragraphs and of the Stipulation (the "Releases"), together with the definitions contained in Paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that, as of the Effective Date:

a) Lead Plaintiff and each of the Settlement Class Members for themselves and for each of their respective past and present affiliates, agents, assignees, assigns, associates, attorneys, controlling shareholders, directors, divisions, domestic partners, executors, general or limited partners, general or limited partnerships, heirs, marital communities, members, officers, parents, personal or legal representatives, predecessors, principals, representatives, shareholders, spouses, subsidiaries, successors, and any other Person claiming (now or in the future) through or on behalf of any of them (whether or not such Settlement Class Member ever seeks or obtains by any means, including without limitation, by submitting a Proof of Claim, any distribution from the Settlement Fund) shall be deemed to have, and by operation of the Class Judgment entered in the Action shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims (including Unknown Claims) against each and all of the Released Parties, and shall have covenanted not to sue any of the Released Parties with respect to all such Released Claims, except to enforce the releases and other terms and conditions contained in this Stipulation or this Class Judgment.  The Settling Parties acknowledge, and the Settlement Class Members shall be deemed by operation of this Class Judgment to have acknowledged, that the foregoing waiver of Unknown Claims, and of the provisions, rights, and benefits of § 1542 of the California Civil Code, was bargained for and is a key element of the Settlement of which the release in this paragraph is a part.

b) Lead Plaintiff and each of the Settlement Class Members for themselves and for each of their respective past and present affiliates, agents, assignees, assigns, associates, attorneys, controlling shareholders, directors, divisions, domestic partners, executors, general or limited partners, general or limited partnerships, heirs, marital communities, members, officers, parents, personal or legal representatives, predecessors, principals, representatives, shareholders, spouses, subsidiaries, successors, and any other Person claiming (now or in the future) through or on behalf of any of them, directly or indirectly, individually, representatively, or in any other capacity (whether or not such Settlement Class Member executes and delivers a Proof of Claim) shall be forever permanently barred, enjoined, and restrained from commencing, instituting,

5

asserting, maintaining, enforcing, prosecuting, or continuing to prosecute, either directly or in any other capacity, any Released Claim (including any Unknown Claim) against any of the Released Parties, in the Action or in any other action or any proceeding, in any state, federal, or foreign court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, or in the court of any foreign jurisdiction.

c) WATG shall be deemed to have, and by operation of this Class Judgment, shall have fully, finally, and forever released, relinquished, and discharged each and all of the Settlement Class Members and Lead Plaintiff, including their respective successors, assigns, heirs, domestic partners, spouses, marital communities, executors, administrators, attorneys and legal representatives, from all claims, including unknown claims, arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Action, except to enforce the releases and other terms and conditions contained in the Stipulation or any Court order (including but not limited to this Class Judgment) entered pursuant thereto.

12. **Bar Order**: The Court hereby enters a Bar Order as required by section 21 D(f)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(f)(7) that shall permanently and forever bar all Persons from filing, instituting, prosecuting, or maintaining, directly or indirectly, in any capacity, any claims under state, federal, or common law for contribution against WATG, whether based in tort, contract, or any other theory, arising from, based upon, or related to the Released Claims, the Action, or the subject matters of the Action.

13. **Plan of Allocation**: This Court hereby approves the Plan of Allocation as set forth in the Notice, and directs Lead Counsel to proceed with the processing of Proofs of Claim and the administration of the Settlement pursuant to the terms of the Settlement and Plan of Allocation and, upon completion of the claims processing procedure, to present to this Court a proposed final distribution order for the distribution of the Net Settlement Fund to Members of the Settlement Class as provided in the Stipulation and Plan of Allocation.

14. No Person shall have any claim against Lead Plaintiff, Lead Counsel, any claims administrator, the Escrow Agent, or any agent designated by Lead Counsel, or any agent

designated by WATG, its counsel, or their respective counsel, based on the investment or distributions made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or further orders of the Court. WATG and the other Released Parties shall have no responsibility for, or liability whatsoever with respect to, the Settlement Fund, the Escrow Agent, the Escrow Agent's actions, any transaction executed or approved by the Escrow Agent, or the Escrow Agent's administration of the Settlement Fund.

15. **Attorneys' Fees**: This Court hereby awards Lead Plaintiff's Counsel attorneys' fees in the amount of _____% of the Settlement Fund, and reimbursement of their out-of-pocket expenses incurred in the prosecution of this Action on behalf of the Settlement Class in the amount of $_____, with interest at the same rate earned by the Settlement Fund on such amounts from the date of this Class Judgment until such amounts are actually paid to Lead Plaintiff's Counsel.  The Court finds that the amount of attorneys' fees awarded herein is fair and reasonable based on: the work performed and costs incurred by Lead Plaintiff's Counsel; the complexity of the case; the risks undertaken by Lead Plaintiff's Counsel and the contingent nature of their employment; the quality of the work performed by Lead Plaintiff's Counsel in this Action and their standing and experience in prosecuting similar class action securities litigation; awards to successful plaintiffs' counsel in other, similar litigation; the benefits achieved for Members of the Settlement Class through the Settlement; and the [absence/small number] of objections from Settlement Class Members to either the application for an award of attorneys' fees or reimbursement of expenses to Lead Plaintiff's Counsel.  The Court also finds that the requested reimbursement of expenses is proper as the expenses incurred by Lead Plaintiff and Lead Plaintiff's Counsel, including the costs of experts, were reasonable and necessary in the prosecution of this Action on behalf of Settlement Class Members.

16. The attorneys' fees and reimbursement of expenses awarded by the Court above to Lead Plaintiff's Counsel shall be paid from the Settlement Fund upon entry by the Court of this Class Judgment. Lead Counsel shall allocate any attorneys' fees awarded to Lead Plaintiff's Counsel by the Court between and among other Plaintiff's Counsel in the Action in a manner in

which Lead Counsel, in good faith, believes reflects the relative contributions of such counsel to the prosecution and settlement of the Action. In the event this Stipulation is terminated for any reason, the Effective Date does not otherwise occur, or this order awarding Lead Plaintiff's Counsel attorneys' fees and/or reimbursement of expenses is reversed or modified, then any of Plaintiff's Counsel who have received a payment shall, within ten (10) business days from Lead Plaintiff's Counsel receiving notice from WATG's counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund the fees and expenses previously paid to them from the Settlement Fund, plus interest thereon at the same rate as earned by the Settlement Fund, in an amount consistent with such reversal or modification. The return obligation set forth in this paragraph is the obligation of all Plaintiff's Counsel who receive a payment in the Action. Each such Plaintiffs' Counsel's law firm, as a condition of receiving such fees and expenses, on behalf of itself and each partner and/or shareholder of it, agrees that the law firm and its partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this subparagraph.

17. Neither appellate review of nor modification of the Plan of Allocation set forth in the Class Judgment or the award to Lead Plaintiff's Counsel of attorneys' fees and/or reimbursement of expenses shall disturb or affect the final approval of the Settlement as provided in this Class Judgment and each shall be considered separate for the purposes of appellate review of this Class Judgment.

18. This Class Judgment, the Stipulation, and any negotiations, discussions, proceedings, acts performed, or documents executed pursuant to, in furtherance of, or in connection with this Class Judgment, the Stipulation, or the Settlement, are not an admission of any liability, fault, or omission of WATG or any other Released Party, and shall not be used against or offered against any or all of the Released Parties in any way for any reason in any proceeding whatsoever, including, without limitation:

a) as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or admission by WATG or any other Released Party of, the validity of any Released Claim or any claim asserted or that could have been or might have been asserted in the Action or in any action;

b) as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or admission by WATG or any other Released Party of, the validity of any allegation made in the Action, or that could have been or might have been made in the Action or in any action;

c) as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or admission by WATG or any other Released Party of, the truth of any fact alleged or that could have been or might have been alleged in the Action or in any action;

d) as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or admission by WATG or any other Released Party of, the deficiency of any defense asserted or that could have been or might have been asserted in the Action or in any other action;

e) as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or admission by WATG or any other Released Party, of any wrongdoing, fault, negligence, gross negligence, recklessness, misrepresentation, omission, non-disclosure, or liability whatsoever of WATG or any other Released Party;

f) as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or admission by WATG or any other Released Party of, any wrongdoing, fault, negligence, gross negligence, recklessness, misrepresentation, omission, non-disclosure, or liability whatsoever with respect to any statement or written document approved or made by WATG or any other Released Party; or

g) as evidence that, or construed as or deemed to be evidence of, any presumption, concession, or admission by WATG or any other Released Party that, the consideration to be given hereunder represents the amount that could be or would have been recovered after trial.

19. Neither this Class Judgment, the Stipulation, nor the Settlement, whether or not consummated, nor any negotiations, discussions, proceedings, acts performed, or documents executed pursuant to, in furtherance of, or in connection with this Class Judgment, the Stipulation or the Settlement shall be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement, and except that WATG or any other Released Party may file the Stipulation and/or this Class Judgment in any action that may be brought against any or all of them to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or other theory of claim preclusion or issue preclusion or similar defense.

20. **Retention of Jurisdiction**: Without affecting the finality of this Class Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) approval of a Plan of Allocation; (c) the allowance, disallowance or adjustment of any Settlement Class Member's claim on equitable grounds and any awards or distribution of the Settlement Fund; (d) disposition of the Settlement Fund; (e) hearing and determining applications for attorneys' fees, and expenses in the Action; (f) all Settling Parties for the purpose of consummating, construing, enforcing, and administering the Stipulation; (g) all other proceedings related to the implementation and enforcement of the terms of the Stipulation and/or the Settlement; and (h) all other matters related or ancillary to the foregoing.

21. **Modification of Settlement Agreement**: Without further approval from the Court, Lead Plaintiff and WATG are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate this Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement.

22. **Termination**: In the event that the Settlement does not become Final in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to WATG , then this Class Judgment

shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and the parties shall be restored to their respective positions in the Action as of the date of the Stipulation.

23.     Neither this Class Judgment, the Stipulation, nor the Settlement, whether or not consummated, nor any negotiations, discussions, proceedings, acts performed, or documents executed pursuant to, in furtherance of, or in connection with this Class Judgment, the Stipulation, or the Settlement shall be in any way referred to for any reason by Lead Plaintiff or any Settlement Class Member as against WATG or any other Released Party in any civil, criminal, or administrative action or proceeding in any court, administrative agency, or other tribunal (including, but not limited to, any formal or informal investigation or inquiry by the SEC or any other state or federal governmental or regulatory agency), other than such proceedings as may be necessary to effectuate the provisions of this Class Judgment or the Stipulation; provided, however, that if the Stipulation and/or this Class Judgment are approved by the Court, any or all Released Parties may refer to it to effectuate the liability protections granted them thereunder.

24.     **Rule 11 Findings**: Pursuant to Section 21(D)(c)(1) of the Private Securities Litigation Reform Act of 1995, the Court hereby finds that each Settling Party, and his, her, or its respective counsel, has complied with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to all papers and filings related to the Released Claims, and that insofar as it relates to the Released Claims, the Action was filed on a good faith basis, was not brought for any improper purpose, and is not unwarranted under existing law or legally frivolous.

25.     Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

26.     **Entry of Final Judgment**: This Class Judgment is a final judgment in the Action as to all claims asserted therein at any time. This Court finds, for purposes of Rule 54(b) and the

Federal Rules of Civil Procedure, that there is no just reason for delay and expressly directs entry of judgment as set forth herein.

27. Judgment shall be, and hereby is, entered dismissing the Action against the Defendants in its entirety with prejudice and on the merits.

**SO ORDERED**.

Dated:

_____
HONORABLE PAUL A. ENGELMAYER
UNITED STATES DISTRICT JUDGE